**SOUTHLAND REFINING CO. et al. v. STATE INDUSTRIAL COM. et al.**

No. 24751. Dec. 12, 1933.

Kleinschmidt & Johnson, and G. Ellis Gable. for petitioners.

J. Berry King, Atty. Gen., Robert D. Crowe, Asst. Atty. Gen., and R. E. Rosenstein, for respondents.

ANDREWS, J. This is an original proceeding in this court instituted by the respondent and its insurance carrier before the State Industrial Commission to procure a review of an award in favor of the claimant therein. The respondent will be referred to as the petitioner.

The assignments of error presented by the petitioners in their briefs raised but one question necessary for determination by this court, and that is whether or not the claimant, at the time of his injury, was engaged in manual or mechanical labor of a hazardous nature in any employment covered by the Workmen's Compensation Act of Oklahoma which would give the State Industrial Commission jurisdiction to make the award complained of.

The employment in which the claimant was engaged is fully set out in a stipulation of facts agreed upon by the parties in interest. The stipulation shows that the claimant was employed by the petitioner in the capacity of a station manager; that he was paid a salary and a commission, and that he was the sole employee of the petitioner at that station. The petitioner is a retail distributing company engaged in selling gasoline and oil at retail prices at its various filling stations. The station where the claimant worked consists of one small room and two toilet rooms. There are three oil containers for lubricating oil in the front room. There are two gasoline tanks under the ground. The claimant had nothing to do with the placing of gasoline in tanks or the delivery of the oil containers to the station. Nothing is sold in the station except gas, oil, and transmission grease. No repair work is done at the station and no cars are greased there. There are two gasoline pumps on the driveway from which gasoline is pumped into cars. One of those pumps is a hand pump and the other one is controlled by compressed air. There is a compressor which compresses the air into a compressed air chamber. It is automatically operated. If it gets out of order, the company sends a man to service it. The claimant has nothing to do with it except to drop some oil on it occasionally. The compressor is run by a three-quarter horse-power electric motor about six or eight inches square at the base and not over fifteen inches high, which is located in the corner of one of the toilets. The entrance thereto is through an outside door. The motor and compressor are similar to those used in a medium size Frigidaire. There is no other power-driven machinery about the station.

It was further stipulated that the claimant was injured by being struck on the head several times with a pistol in the hands of a highjacker while the claimant was closing up his station about 9 o'clock p. m.

The petitioner contends that it is not engaged in any of the trades or business enterprises described in sections 13349 and 13350, O. S. 1931, and, therefore, is not subject to the obligations imposed by the Workmen's Compensation Act, and that the State Industrial Commission has no jurisdiction of the claimant's injury.

Whether the industry or business enterprise comes within the meaning of the Workmen's Compensation Act is a question of law. Crown Drug Co. v. Hofstrom, 158 Okla. 27, 12 P. (2d) 519; Drumright Feed Company v. Hunt, 90 Okla. 277, 217 P. 491.

There is nothing in the record to show that the business in which the petitioner was engaged was anything other than a retail business or that the claimant was engaged in anything other than a retail business. He was not engaged in a workshop where machinery was used. If the small piece of machinery to which we referred constitutes machinery within the meaning of the act. its use in a retail store does not bring the employment within the act.

It is frankly admitted by the claimant in his brief that he relies almost exclusively on the case of Bishop v. Wilson, 147 Okla. 224, 296 P. 438. The facts therein were different from the facts in this case

In that case there was a separate room or shop where automobile tubes and tires were repaired and where more than one person was employed. A tire that the claimant therein had repaired blew out while he was putting air into it and blew a small object into his eye. There was nothing therein to show that the place was not a workshop where machinery was used. Herein the stipulation of facts shows that the claimant was not employed in a workshop where machinery was used. There can be no presumption in this case, for the facts are shown by the stipulation.

The claimant calls the court's attention to the fact of the universal tendency of the courts of the various states in giving as broad and liberal application to the Workmen's Compensation Law as they are permitted. In this connection we cite Mobley v. Brown, 151 Okla. 167, 2 P. (2d) 1034, wherein this court held:

"Our Workmen's Compensation Law is remedial in its objects and operation and should receive a liberal construction in favor of those entitled to its benefits, but before one is entitled thereto he should be held to proof that he is in a class embraced within the provisions of the law, and nothing can be presumed or inferred in this respect."

Considering all of the facts presented in this case, we are of the opinion that, as a matter of law, the facts here presented do not bring the employment in which the claimant was engaged within the meaning of the term "hazardous employment," under the provisions of the Workmen's Compensation Act, and that the State Industrial Commission was without authority to make the award.

The award is vacated and the cause is remanded to the State Industrial Commission, with directions to dismiss the claim.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, BAYLESS, and WELCH, JJ., concur. BUSBY, J., absent.