OKLAHOMA STEEL CASTINGS CO. et al. v. BANKS.

No. 27191.    Sept. 21, 1937.

Rehearing Denied Dec. 21, 1937.

504

Hudson & Hudson, for plaintiffs in error.

Gibson & Holleman, for defendant in error.

PHELPS, J. The Student Window Cleaners was an organization engaged in the business of washing windows. It entered into an oral contract with plaintiff in error, Oklahoma Steel Castings Company, by the term of which it agreed to clean the windows of its plant, in which plant power-driven machinery was used in carrying on the business of plaintiff in error. Charles David Banks, defendant in error, was employed by the Student Window Cleaners and to him was assigned the task of washing the windows in said building, and while thus engaged his foot rested upon a track upon which certain machinery was operated. A piece of heavy machinery was moved or rolled upon said track and one of his feet was injured. He brought suit in the district court of Tulsa county, alleging negligence on the part of the defendants, who are now plaintiffs in error, and prayed for damages for such injuries. He recovered judgment, and defendants appeal.

Principally and primarily the appeal is based upon the contention that plaintiff was engaged in an employment covered and protected by the Workmen's Compensation Law, and therefore the district court had no jurisdiction to try his suit for damages for the injuries received. A proper solution of this question will dispose of the appeal.

Section 13349, O. S. 1931, enumerates the businesses covered by the Workmen's Compensation Law, including "* * * workshops where machinery is used, * * *" and section 13350, O. S. 1931, defines "workshops" as "* * * over which premises, room or place the employer of the person working therein has the right of access or control." Counsel for plaintiffs in error argue that because power-driven machinery was used in the business of plaintiffs in error, and the injured employee of the Student Window Cleaners was working in this room where power-driven machinery was used at the time he received his injuries, and that because the injuries were received by reason of the use of such machinery, notwithstanding the fact the injured employee was an employee of an independent contractor and not an employee of the company whose machinery caused the injury, "the workshop where David Banks was injured was the workshop of the Student Window Cleaners," and therefore the Workmen's Compensation Act afforded him his only remedy, and having this remedy at his disposal, he is not entitled to maintain a damage suit for such injuries.

However logical and reasonable this argument may appear, we are unable to follow it to the conclusion reached by learned counsel. Section 13349, O. S. 1931, and the following sections define specifically the business in which employees may enjoy the protection of this law, and we have repeatedly held that unless the business in which the injured employee is engaged is specifically enumerated in the act or by necessary implication included therein, he is not entitled to its protection. Southland Refining Co. v. State Industrial Commission, 167 Okla. 3, 27 P. (2d) 827; Rosehill Burial Park v. Garrison, 176 Okla. 355, 55 P. (2d) 1045; Reynolds Tobacco Co. v. Howser, 176 Okla. 445, 56 P. (2d) 392; Enid Cemetery Ass'n v. Grace, 177 Okla. 320, 59 P. (2d) 284.

Whether the workman is protected is dependent upon the character of the work of his employer and not that of the person for whom he is doing the work under an independent contract, and, as we view it, it is immaterial to the determination of the issues in this case that the Workmen's Compensation Law was applicable to the plant of plaintiffs in error. Defendant in error had been sent by his employer to perform services for it. In other words, it is the character of the injured employee's business which determines his situation rather than that of the particular work being done by him for another at the time of the injury. At the time of the injury defendant in error was employed by the Student Window Cleaners, and window cleaning is not enumerated in the act as a business entitled to enjoy the benefits of this law.

It appears that the Student Window Cleaners had procured an accident insurance policy covering its employees which provided that they should have the same protection as that afforded by the Workmen's Compensation Law, and it is argued by counsel for plaintiffs in error that the

procuring of this accident policy is in substance a compliance or attempted compliance with the law requiring employers to qualify under the Workmen's Compensation Law. And it is argued that the acceptance of benefits under this policy was in substance the acceptance of benefits under the Workmen's Compensation Law, and thereby recognizing his status thereunder, which is sufficient to deprive him of his remedy of an action for damages.

Maryland Casualty Co. v. Whitt, 167 Okla. 261, 29 P. (2d) 65, was a case wherein the city of Altus had an insurance policy to cover its employees. Whitt, a policeman in the discharge of his duty, received injuries. Suit was brought against the insurance company. He recovered judgment, and this court affirmed the recovery in a somewhat exhaustive opinion, in which numerous authorities are cited, to which reference is hereby made, and from this opinion and the authorities therein cited we reach the conclusion that an employer may procure insurance covering his employees, even to the extent of the policy reciting that the compensation payable under the policy shall be the same as that provided by the Workmen's Compensation Law. If the employer does not come within the classification described by the Workmen's Compensation Act, the fact that he carries such insurance does not in any way interfere with the employee's right to bring suit for damages resulting from negligence.

Plaintiffs in error also contend that aside from this question the court erred in refusing to admit certain evidence offered. They also contend that the trial court committed error in its instructions.

We have carefully examined the record and have reached the conclusion that no substantial error was committed by the trial court. The judgment is therefore affirmed.

OSBORN, C. J., and RILEY, HURST, and DAVISON, JJ., concur.