## CHATHAM v. ARROW DRILLING CO. et al.

No. 27720. March 8, 1938.

Rehearing Denied July 5, 1938.

T. G. Chambers, for petitioner.

Butler, Brown & Rinehart and Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, J. This is an original proceeding to review an order of the State Industrial Commission denying an award to the petitioner.

The Industrial Commission found that the evidence is not sufficient to show that the accident occurred while claimant was employed in a hazardous occupation as defined by the Workmen's Compensation Law of the state of Oklahoma: that the commission was without jurisdiction, and that the claim for compensation should be denied.

The respondent Arrow Drilling Company was, at the time of the accident complained of, engaged in the occupation and business of drilling contractor. While the testimony does not definitely show, we may conclude that the drilling contracts included the drilling of oil and gas wells.

The petitioner, the claimant herein, was in the employ of the respondent drilling company as a truck driver. If he ever had any other employment or duties than that of a truck driver hauling pipe and machines pertaining to oil and gas wells, it is not disclosed by the testimony.

The petitioner was furnished with a truck equipped with a trailer. The truck was equipped with a winch, consisting of a cable and operated by the power from the engine of the truck, which could be used in assisting in the loading and unloading of the truck and moving material and machinery.

The petitioner was at work in the Fitts oil field in Pontotoc county, and was directed by his foreman to proceed to Stillwater to move some equipment to Seminole. The petitioner proceeded on his trip slightly after 4 o'clock p. m., through Ada and Seminole on to Shawnee, where he stopped and talked over the telephone to his wife in Oklahoma City and then proceeded into McLoud, then turned into the road leading to Capitol Hill, Oklahoma City, where claimant lived. The petitioner was injured in a wreck nine miles east of Oklahoma City.

At the hearing of the cause, it was insisted by the respondent Arrow Drilling Company that the occupation of the petitioner herein, at the time of the alleged injury, was not subject to nor covered by the Workmen's Compensation Act, and further that the accident did not arise out of

and in the course of the claimant's employment, but that claimant had left the scope of his employment and was on a mission of his own.

In Harris v. Oklahoma Natural Gas Co., 91 Okla. 39, 216 P. 116, this court held:

"Our Workmen's Compensation Law is remedial in its objects and operation, and should receive a liberal construction in favor of those entitled to its benefits, but before one is entitled thereto he should be held to strict proof that he is in a class embraced within the provisions of the law, and nothing can be presumed or inferred in this respect."

This holding has been confirmed and approved in Southland Cotton Oil Co. v. Pritchett, 167 Okla. 6, 27 P.2d 819; Rose Hill Burial Park v. Garrison, 176 Okla. 355, 55 P.2d 1045; Southland Refining Co. v. State Industrial Commission, 167 Okla. 3, 27 P.2d 827, and other cases not necessary to mention and none which seem to have been overruled by this court.

In Mashburn v. City of Grandfield, 142 Okla. 247, 286 P. 789, this court said:

"It must be borne in mind that the Workmen's Compensation Acts are in derogation of the common law and in derogation of a common right of action in the courts. In other words, it takes from the citizen his right to be heard in the law courts upon principles and procedure almost as old as Anglo-Saxon civilization itself; and while the law will be given, and is given, a liberal construction in favor of a class for whom it was apparently, or supposedly, enacted to protect, yet the courts are without authority, and should be without authority, to extend its operation to classes and persons beyond which the Legislature has expressly or by clear implication designated."

That the various classes of business and industry enumerated in and defined as hazardous by the Workmen's Compensation Law may have employees engaged in various lines of business connected with their institution, some of which fall within the Compensation Act and some of which do not, has often been recognized and emphasized by this court. Stayman v. McKellop, 165 Okla. 183, 25 P.2d 710; Crown Drug Co. v. Hofstrom, 158 Okla. 27, 12 P.2d 519; Lee Way Stage Lines v. Simmons, 166 Okla. 203, 26 P.2d 905; Southwestern Cotton Oil Co. v. Spurlock, 166 Okla. 97, 26 P.2d 405; Ingram Drug Co. v. O'Brien, 164 Okla. 228, 23 P.2d 642.

The law-making body of the state could easily anticipate the confusion that would

necessarily arise in this connection, and in subsection 15 of section 13350, O. S. 1931, it is provided:

"Where several classes or kinds of work is performed, the commission shall classify such employments, and the provisions of this act shall apply only to such employees as are engaged in manual or mechanical labor of a hazardous nature."

This court has several times construed this section in cases not materially different from the case here considered. In Southwestern Cotton Oil Co. v. Spurlock, supra, this court held:

"The Workmen's Compensation Act recognized the fact that the same employer may conduct different departments of business, some of which fall within the act and some which do not.

"Before a claimant can recover under the Industrial Act he must show that he was engaged, not only in manual or mechanical work or labor, but that such work or labor was of a hazardous nature.

"Owners or operators of motortrucks, authorized to operate as motor carriers for compensation, held not within provisions of Compensation Law covering 'industries and business enterprises.'"

And said:

"That the operation of a motortruck, in which business claimant was employed at the time of his injury, is not a hazardous employment, as defined by the act, has been determined in the case of Choctaw Cotton Oil Co. v. Hall, 163 Okla. 288, 21 P.2d 1059, which involved a state of facts practically identical with the facts involved herein."

And further said:

"It is admitted that petitioner Southwestern Cotton Oil Company, in so far as the operation of the oil mill is concerned, is engaged in a hazardous employment within the terms of said act. This fact alone, however, is not sufficient to bring claimant within the terms of the act."

In Beatrice Creamery Co. v. State Industrial Commission, 174 Okla. 101, 49 P 2d 1094, this court held:

"In order to justify a recovery under the Workmen's Compensation Act, it is not sufficient to show that the employer is primarily engaged in a hazardous business, but it must appear that the employee at the time of his injury was engaged in a branch or department of such business which is defined as hazardous by the Workmen's Compensation Act."

And said:

"We therefore hold that the petitioner Beatrice Creamery Company was primarily engaged in the operation of a hazardous employment, to wit, a creamery operated by power and within the provisions of section 13349, O. S. 1931. While we so hold, it does not necessarily follow that respondent was engaged in manual or mechanical work or labor connected with or incident to the business of a creamery operated by power, or that he was within either the provisions of section 13349, or 13350, O. S. 1931."

In Wilson & Co., Inc., of Oklahoma v. Musgrave, 180 Okla. 246, 68 P.2d 846, it was admitted that defendant Wilson & Co., Inc., was engaged in processing and manufacturing meats and food products and used power-driven machinery, coming within the Workmen's Compensation Law, but it was contended that the particular work of the plaintiff was confined to a department which was nonhazardous and he could not maintain the action. In discussing this feature of the case, and after recognizing that an employer can maintain such separate departments in connection with his business and quoting several decisions of this court holding same, this court said:

"However, before the rule announced in the above cases may be invoked, it is necessary that the division be real and not superficial or fictitious. The test in each instance is the nature of the employment. If the employments are separate and distinct and not merely for the purpose of convenience in the operation of business, then there exists a true division, and the rights of the employees in such division and the liability of the employer are governed by the particular type of employment involved. If, however, the employment is for a single and entire purpose, the mere fact that different individual departments and divisions may have different functions to perform, some of which by reason of their location or nature are not inherently hazardous, does not constitute them any less an integral part of the whole. Thus, in manufacturing the process is in its nature ordinarily continuous from the reception of raw material until the completion of the finished product. Although some of the operations may be done by hand and others by machinery and in different rooms, the nature of the employment is not changed. It is at all times one of manufacture."

We think the distinction there made correctly interprets the meaning of subsection 15 of section 13350, O. S. 1931. If that section means anything at all, it means that though the injured party is regularly employed by a business or industry enumerated in and defined as hazardous by the Workmen's Compensation Law and his injury arises out of his employment, if such

employment is separate and distinct and not merely for the purpose of convenience in the operation of business and is within itself nonhazardous in its nature, such employment is not incident to and is not an integral part of the business or industry enumerated in the Workmen's Compensation Law, and the commission is without jurisdiction to render award to the injured.

The commission, in the instant case, acting within its authority, determined whether the work of this particular claimant came within its jurisdiction, and held:

"That the evidence is insufficient to show that the accident occurred while employed in a hazardous occupation as defined by the Workmen's Compensation Law of the state of Oklahoma.

"The commission is of the opinion: That it is without jurisdiction and that the claim of claimant for compensation should be denied.

"It is therefore ordered: That claim of claimant for compensation be and the same is hereby denied for want of jurisdiction."

The State Industrial Commission has jurisdiction to award compensation only when the employer is engaged in one of the industries or businesses enumerated in the Compensation Act, and when the employee is engaged in manual or mechanical labor of a hazardous nature and when the injury arises out of and in the course of employment. Chicago Pneumatic Tool Co. v. McGrew, 178 Okla. 439, 63 P.2d 749; McKeever Drilling Co. v. Egbert, 170 Okla. 259, 40 P.2d 32.

In Beatrice Creamery Co. v. State Industrial Commission, supra, this court held:

"When an injury occurs in an employment not included in the Workmen's Compensation Act of this state, the State Industrial Commission is without jurisdiction to make an award therefor."

To the same effect is the case of Southland Refining Co. v. State Industrial Commission, 167 Okla. 3, 27 P.2d 827.

In Chicago Pneumatic Tool Co. v. McGrew, supra, this court held:

"The court in reviewing an award of the State Industrial Commission will not accept as conclusive the findings of fact of the State Industrial Commission concerning a jurisdictional question, but on review will weigh the evidence relating thereto and make its own independent findings of fact with relation thereto. McKeever Drilling Co. v. Egbert, 170 Okla. 259, 40 P.2d 32."

The fact that an employee might be driving a truck or an automobile at the time of his injury is in no way determinative of the question of his right to award or the jurisdiction of the Industrial Commission. Each separate case must be determined by the nature of the employment and duties performed.

In Pemberton Bakery v. State Industrial Commission, 180 Okla. 446, 70 P.2d 98, this court held:

"An employee in a wholesale establishment, engaged as a deliveryman and injured in traffic, is entitled to an award for an injury arising out of and in the course of his employment under a liberal interpretation as enjoined upon the courts by statutory law."

And said:

"The delivery of merchandise from wholesale establishments is an incidental part of the business so embraced within the Workmen's Compensation Law. The work of a deliveryman is hazardous by force of statute."

To the same effect is the opinion of this court in Gibson Oil Co. v. Mannah, 180 Okla. 451, 70 P.2d 100; Wallen v. Carriker, 180 Okla. 445, 70 P.2d 100.

In the instant case there is absolutely no testimony to show that the Arrow Drilling Company was engaged in drilling oil wells. Neither does the record disclose that petitioner's duties consisted wholly or partly in delivering pipe and other material to or from a place or places where oil well drilling was being done, or that his duties were connected with, incident to, and an integral part of any business or industry enumerated in and defined as hazardous by the Workmen's Compensation Law. The work in which the petitioner was engaged, with the various duties performed as such employee, is easily distinguished from the case of Pemberton Bakery v. State Industrial Commission, supra, and the other cases last above cited on this question.

In the instant case, the petitioner testified that he was a truck driver for the Arrow Drilling Company; that he drove a V-8 Ford truck with a two-wheel trailer, which could be loaded on the truck when desired. In employee's first notice of injury and claim for compensation made to the Industrial Commission, he named his occupation as that of a truck driver. He testified that his duties in the Fitts oil field, from which he left to go to Stillwater, were that of moving pipe; that he was on his way to

Stillwater to help move some equipment **to** Seminole. Witness G. E. Hall, superintendent of the Arrow Drilling Company, testified that the petitioner was carried on the pay roll of his company as a truck driver; that the Arrow Drilling Company was engaged at the time in hauling and was known as class "C" carrier on the state classifications; that when petitioner was preparing to load or unload, he was supposed to do anything any one of his superiors asked him to do; that his sole duty at that time was moving tools and delivering tools.

The petitioner, in his signed statement relative to the accident causing his injury, stated:

"I finished up with my moving of pipe cleaning up junk pipe from Woodford No. 6 well to Arrow Yard at Fittstown at about 2 p. m. I had nothing else to do down there."

We must, therefore, conclude that the petitioner's employment was that of a truck driver in hauling pipe and tools, and that his work took him a great portion of the time to various parts of the state where no drilling was in progress or contemplated by the Arrow Drilling Company; that regardless of what the principal business of the Arrow Drilling Company consisted of, it was also engaged during this time in hauling, and was known as class "C" carrier on the state classification as such, and that the petitioner's employment and duties as truck driver, moving tools and delivering tools, came within that particular line of the work or business of the Arrow Drilling Company. This being true, and after weighing and considering the entire evidence relating thereto, we must conclude and hold that the line of employment in which the petitioner was engaged was a separate and distinct employment from drilling oil and gas wells, and not incident to nor an integral part of any business or industry enumerated in and defined as hazardous by the Workmen's Compensation Law, and is not protected nor bound by its provisions, and that the findings of the commission are correct.

Having reached this conclusion, and the Industrial Commission having determined the cause on jurisdictional grounds, and having found and determined that it was without jurisdiction because "the evidence is insufficient to show that the accident occurred while employed in a hazardous occupation as defined by the Workmen's Compensation Law of the state of Oklahoma," we are of the opinion that it is unnecessary to discuss other questions raised herein.

The order and award of the State Industrial Commission is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and GIBSON, CORN. and HURST, JJ.. concur. RILEY and PHELPS, JJ., dissent. WELCH, J., absent.