## BURROWS v. STATE INDUSTRIAL COM. et al.

No. 29770. Feb. 25, 1941.

Rehearing Denied March 18, 1941.

*111 P. 2d 175.*

Pryor & Sandlin, Don Wilbanks, and Marvin Balch, all of Holdenville, for petitioner.

Wallace Hawkins, of Dallas, Tex., and B. B. Blakeney, W. R. Wallace, and B. B. Blakeney, Jr., all of Oklahoma City, for respondent Magnolia Petroleum Company.

Butler & Rinehart, of Oklahoma City, for respondent Jones & Spicer, Inc.

OSBORN, J. This is an original proceeding to review an order of the State Industrial Commission instituted by Herbert Burrows, hereinafter referred to as claimant, denying compensation for an injury sustained by him on October 17, 1939. He contends that at the time of the injury he was in the joint employ of Jones & Spicer, Inc., and the Magnolia Petroleum Company. These parties will be referred to as respondents.

No contention is made with regard to the fact of the injury. The nature and extent of the disability are not involved, and therefore will not be discussed.

The Industrial Commission found that on the date of the injury claimant was in the employ of Jones & Spicer, Inc., which company was a class B motor carrier, and therefore not engaged in a hazardous occupation subject to and covered by the Workmen's Compensation Law, and that on the date of the injury claimant was not in the employ of the Magnolia Petroleum Company. Both of these findings are challenged by the claimant.

It appears that, on the date of the injury, claimant had been in the employ of Jones & Spicer, Inc., for more than two years; that he was what is known as a "swamper" on a truck; that his wages were 40 cents per hour; that on the date of the injury an official of the Magnolia Petroleum Company came to the office of Jones & Spicer and made an oral contract with said company for the use of a truck and two men to tear down and stack a drilling rig on a Magnolia lease. Claimant testified that he did not know the exact terms of this agreement, but did know that his company was to be paid by the hour and was to do whatever was necessary or directed to be done by the Magnolia Petroleum Company; that pursuant to said agreement he and a fellow employee went to the lease of Magnolia Petroleum Company not far from Wewoka; that under the direction of an official of the Magnolia Petroleum Company he helped straighten up certain material which was located near the rig that was being dismantled; that thereafter they started the dismantling and stacking of the drilling rig; that no of-

ficial of Jones & Spicer was present; that about 3 o'clock in the afternoon the farm boss of the Magnolia Petroleum Company ordered claimant and his fellow employee to go to another point on the lease and do some other work; that after the performance of this work they returned to their original duty of dismantling and stacking the rig; that while in the performance of this duty claimant sustained the injury complained of in this case; that at the time of the injury the superintendent of Magnolia Petroleum Company had gone home and no one was present except the fellow employee of claimant and the night watchman, who was in charge of the lease. Claimant testified in detail with regard to the method used in dismantling and stacking the drilling rig. He testified that a five-ton truck equipped with long gin poles was used; that as the rig was being dismantled, it was picked up by the truck and gin poles and moved approximately 150 feet, where it was stacked. The witness testified that Jones & Spicer had no contract to move or haul the rig that was being dismantled; that he did not know who did haul it, but that he did know that his company (Jones & Spicer) did not haul it at that time.

We have held that whether there is sufficient showing by the evidence to establish the relationship of employer and employee is a matter for review by this court. Manahan Drilling Co. v. Wallace, 179 Okla. 613, 67 P. 2d 1. In this connection we have reviewed the record and are of the opinion that there is ample competent evidence to sustain the finding of the Industrial Commission that the claimant was not in the employ of Magnolia Petroleum Company at the time of the injury. There is no showing that he was hired or paid by said company. The sole ground upon which it is sought to establish such relationshp is the fact that he was subject to directions by the officials of Magnolia Petroleum Company upon the date of the injury. This is but one of the elements to be considered in determining whether or not the relationship of master and servant exists. The Industrial Commission

was of the view that it was not sufficient, and in this view we concur. In this connection it may be said that no contention is made that Jones & Spicer failed to comply with the provisions of the Workmen's Compensation Law requiring the securing of compensation to its employees.

The commission further found that claimant was an employee of Jones & Spicer, but found that said employer was a class B motor carrier not coming within the terms of the Workmen's Compensation Law. Numerous cases hold that said carriers are not so covered. Chickasha Cotton Oil Co. v. Strange, 186 Okla. 136, 96 P. 2d 316; Stilwell Trucking Contractor v. Patterson, 184 Okla. 642, 89 P. 2d 766, and authorities therein cited. An examination of all of these authorities discloses that at the time of injury in each case the workmen were engaged in the performance of some duty connected with or incident to the business of trucking, or transporting property on the public highways. The facts in the instant case clearly distinguish this case from those relied upon. The claimant was the only witness called to testify as to the nature of the employment or the labor being performed at the time of the injury. It was his uncontradicted testimony that they had no contract to haul the rig; that they were tearing it down and stacking it out of the way; that he did not know who did haul the rig, but did know that his company did not haul it at that time. There is, therefore, no evidence which tends to show that the labor being performed at the time of the injury was connected with or incident to the business of trucking or transporting property on the public highways.

We deem it to be well settled that under the provisions of the Workmen's Compensation Law an employer may conduct different departments of business, some of which are within the provisions of the act and some of which are not within the provisions of the act. Leeway Stage Lines v. Simmons, 166 Okla. 203, 26 P. 2d 905; Southwestern Cotton Oil Co. v. Spurlock, 166 Okla. 97, 26 P. 2d 405. We also recognize that the divi-

sion must be real and not superficial or fictitious; that if the employment is for a single and entire purpose, the mere fact that the different individual departments and divisions may have different functions to perform does not constitute them any less a part of the whole. Chatham v. Arrow Drilling Co., 183 Okla. 243, 80 P. 2d 944. As heretofore suggested, the duties performed by claimant on the date of the injury were not a part of and connected with the business of trucking. There is no connection between the dismantling of a drilling rig and stacking the same a short distance from its location and the duties and functions of a class B motor carrier. The duties performed by claimant on the date of his injury are connected with and incident to the drilling and operation of an oil well, and such employment is specifically covered by the provisions of the Workmen's Compensation Law. See sections 13349 and 13350, O. S. 1931.

The question of whether or not a particular employment is covered by the Workmen's Compensation Law is a jurisdictional question. The findings of the Industrial Commission thereon are not conclusive, and upon a review thereof this court will weigh the evidence and make its own independent findings of fact with relation thereto. McKeever Drilling Co. v. Egbert, 170 Okla. 259, 40 P. 2d 32. Having reviewed the record, we conclude that the finding of the commission that the employment of the claimant was not covered by the Workmen's Compensation Law is contrary to the evidence.

Accordingly, the order is vacated and the cause remanded, with directions to the commission to proceed not inconsistent with the views herein expressed.

WELCH, C. J., CORN, V. C. J., and RILEY, BAYLESS, GIBSON, DAVISON, and ARNOLD, JJ., concur. HURST, J., absent.