SWITZER ADV. CO. et al. v. WHITE et al.

No. 29987. March 25, 1941.

*111 P. 2d 815.*

Preston Peden, of Oklahoma City, for petitioners.

Reily & Reily, of Shawnee, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by Switzer Advertising Company, hereinafter referred to as petitioner, and its insurance carrier to obtain a review of an award which was made by a trial com-

missioner, and on appeal affirmed by the State Industrial Commission, in favor of Everett K. White, hereinafter referred to as respondent.

On May 21, 1940, the petitioner filed with the State Industrial Commission employer's first notice of injury wherein it stated that its business was that of outdoor advertising, and that on May 14, 1940, the respondent, while in its employ as a bulletin artist, had sustained an accidental personal injury in the course of his employment which had required him to quit work and to obtain medical attention, which had been immediately furnished by the petitioner. Thereafter, on June 1, 1940, the petitioner and its insurance carrier filed a formal denial of any and all liability. The trial commissioner conducted hearings to determine liability and extent of disability. The evidence adduced at such hearings disclosed the fact that the business of petitioner, while denominated outdoor advertising, consisted in the construction and erection of outdoor advertising signs and the renting of the space thereon to customers of such service. The respondent was employed to complete or to alter such signs, as the occasion required, by either painting thereon the original advertisement, or the advertisement of a subsequent customer at the expiration of the prior rental period, and that respondent was so engaged in altering one of said signs when he fell from a 16-foot scaffold and was severely injured. The evidence further showed that the signs consisted of a wooden frame work from 30 to 40 feet in length and from 16 to 20 feet in height, and that they were erected by a construction crew in the employ of the petitioner, and that the respondent completed them by doing the necessary painting thereon, using scaffolding, ladders, and other equipment necessary to complete such work, and that while the respondent was classified and denominated as a bulletin artist he was in reality a sign painter and his services constituted an essential and an integral part of the business of the petitioner in the completion and alteration of the structures which petitioner had erected. The evidence further showed that the peti-

tioner had provided insurance to afford the protection required by the Workmen's Compensation Act in favor of employees in industries or businesses governed thereby and which insurance included the respondent and was in force and effect at the time of the injury involved. Under the facts, as substantially narrated, the trial commissioner found that the employment came within the terms of the Workmen's Compensation Act (O. S. 1931 § 13348 et seq., as amended, 85 Okla. St. Ann. § 1 et seq.), and that respondent was such an employee as was entitled to claim the protection afforded by said act, and awarded compensation for temporary total disability found to have resulted from the injury. The petitioner appealed to the State Industrial Commission en banc, and from the order and award of the commission affirming and approving the award as made by the trial commissioner the petitioner brings this proceeding. Issues of law alone are presented here, the injury and its extent not being involved.

The petitioner contends that the business of outdoor advertising is not one of those enumerated and defined as hazardous by sections 13349 and 13350, O. S. 1931, 85 Okla. St. Ann. §§ 2 and 3, and that therefore the State Industrial Commission was without jurisdiction to make any award, and that if the employment was one of those covered by the Workmen's Compensation Act, supra, nevertheless the respondent was not such an employee as is entitled to claim the protection of said act.

That the jurisdiction of the State Industrial Commission to award compensation for disability resulting from injury is confined to employments which are enumerated in and declared to be hazardous by the terms of the Workmen's Compensation Act, supra, is no longer an open question in this jurisdiction. Veazey Drug Co. v. Bruza, 169 Okla. 418, 37 P. 2d 294; Oklahoma Steel Casting Co. v. Banks, 181 Okla. 503, 74 P. 2d 1168; Southland Refining Co. v. State Industrial Commission, 167 Okla. 3, 27 P. 2d 827; Hardy Sanitarium v. De Hart, 164 Okla. 29, 22 P. 2d 379; Rorabaugh-

Brown Dry Goods Co. v. Mathews, 162 Okla. 283, 20 P. 2d 141.

The business of outdoor advertising does not appear eo nomine in those employments enumerated in section 13349, O. S. 1931, 85 Okla. St. Ann. § 2. Among the employments so enumerated, however, there appears "construction and engineering works," which subd. 14 of sec. 13350, O. S. 1931, 85 Okla. St. Ann. § 3, subd. 14, defines as follows:

" 'Construction work' or 'engineering work' means improvement or alteration or repair of buildings, structures, streets, highways, sewers, street railways, railroads, logging roads, interurban railroads, electric, steam or water plants, telegraph and telephone plants and lines, electric lines or power lines, and includes any other work for the construction, altering or repairing for which machinery driven by mechanical power is used."

It will be observed that in the definition thus given the improvement, alteration, or repair of structures is declared to be embraced in the general employment designated as construction and engineering works and declared to be a hazardous employment. The petitioner, in effect, concedes that the employment, if hazardous, must be so considered by reason of the presence of a small saw in the workshop maintained by the petitioner or else by reason of the fact that the petitioner was engaged in the construction and erection of signboards which would come within the provisions relative to structures, supra, but urges that the evidence with respect to the maintenance of a workshop where machinery is used is insufficient within the rule announced in Berry v. Johnson, 184 Okla. 471, 87 P. 2d 1082, and that the Legislature cannot be held to have intended to include under the term "structures" such erections as it was engaged in constructing and erecting, but had in mind only massive construction which required the use of machinery and a large number of employees for completion. We agree that there is no evidence to show that the business of petitioner comes within the act by reason of the maintenance of a workshop where machinery is used.

However, we are unable to agree with the contention of the petitioner that the business of erecting and constructing signs, such as it was engaged in, was not intended to come within the term "structures" as employed by the Legislature in the definition, supra, and while it is possible a construction such as contended for by the petitioner could be placed on such language, without entering into any dialectical discussion of the matter, we are of the opinion that an ordinary application of the term clearly brings the business of the petitioner within the enumerated employments declared by the act to be hazardous, and that the petitioner so regarded the same by providing necessary insurance for its employees engaged in such work.

The final contention of the petitioner rests upon the assumption that the respondent was an employee of a nonhazardous branch or department of the business of the petitioner and seeks to invoke the departmental rule which provides that an employer may conduct several classes of businesses some of which are hazardous and others of which are nonhazardous and to thereby place the respondent in a nonhazardous employment. The rule so contended for, while applicable in a proper case, can never be invoked in the case of an employee whose work is manual and mechanical and is connected with, incident to, and an integral part of a business or employment which the Workmen's Compensation Act declares to be a hazardous employment. Wilson & Co. v. Musgrave, 180 Okla. 246, 68 P. 2d 846. The evidence in the case at bar shows that the duties of the respondent were manual and mechanical, and that the services which he performed constituted an essential and an integral part of the business in which he was employed, and in fact that his services were the most essential element involved in the completion of the structures which the petitioner was renting; and since, as we have pointed out above, the facts were such as to bring the business within the employments enumerated in and defined as hazardous by the Workmen's Compensation Act, it follows also from the evidence that the commission did not err

in holding that the respondent was entitled to claim the protection of said act.

Award sustained.

WELCH, C. J., and OSBORN, BAYLESS, HURST, and ARNOLD, JJ., concur.