GRIFFIN et al. v. HOLLAND.

No. 30761. Nov. 10, 1942.

*131 P. 2d 113.*

E. LeRoy Allen, of Tulsa, for petitioners.

Dennis Bushyhead and Lloyd Melone, of Tulsa, for respondent.

ARNOLD, J. On January 9, 1941, Clyde Holland filed employee's first notice of injury and claim for compensation, stating that he sustained an acci-

dental injury arising out of and in the course of his employment with Dick Griffin on October 1, 1940, when he fell from a scaffold while taking down a water tower.

On January 18, 1941, the petitioners filed a denial of any liability and therein alleged that the respondent was not employed in one of the lines or industries covered by 85 O. S. 1941 § 2. On the 24th day of February, 1941, after hearing by a trial commissioner, an award for temporary total disability was entered by the said trial commissioner. On April 1, 1941, the commission, on appeal from the order of the trial commissioner, entered its order affirming said order. The order as to temporary total disability became final. All of the testimony in the record as to the jurisdiction of the commission was introduced before the entry of the above order as to temporary total disability. The commission therein found that the employment of the respondent came within the purview of the Workmen's Compensation Act.

On November 10, 1941, a further order was entered by the commission, based upon testimony submitted as to permanent partial disability at the hearing conducted subsequent to the entry of the order concerning temporary total disability, finding that as a result of the accidental injury respondent was entitled to payment of 375 weeks, a percentage of total permanent disability under subdivision 1 of 85 O. S. 1941 § 22. Though all the testimony going to the question of the jurisdiction of the commission was before it prior to the entry of the order as to temporary total disability, which became final, there is no contention made herein that the question was finally adjudicated by the commission by its order of February 24, 1941, and we therefore express no opinion thereon, but confine our remarks to the sole issue presented by the parties, to wit, was the respondent engaged in a hazardous employment as defined by the Workmen's Compensation Act at the time of his injury, and did the commission have jurisdiction to make the award complained of herein? This requires a review of the record by this court so that an independent finding may be made thereon. McKeever Drilling Co. v. Egbert, 170 Okla. 259, 40 P. 2d 32.

The evidence justified the finding that Dick Griffin operated a salvage business in a place in the country formerly used as a pump station. Here he accumulated for the purpose of sale any material he chose. This included oil well supplies, pipes, water tanks and, in fact, any equipment bought as secondhand material to be used in any manner, by sale or otherwise, that respondent chose to make of it. He describes his business as buying and selling used equipment and pipe line contracting. The respondent had charge of going out and dismantling the equipment purchased by the petitioner and the sale and distribution thereof. At the time of the accidental injury he was employed in tearing down a structure consisting of a 35-foot steel tower and a 60-barrel steel storage tank supported thereby when he fell from a height of from 18 to 20 feet and sustained the injury of which complaint is made.

The Workmen's Compensation Act is remedial and should be construed liberally and as a whole, and all reasonable presumptions indulged in favor of those for whose protection the statutory compensation was fixed and who by the terms of the act are deprived of the ordinary remedies open to others whose rights are invaded. See Wick v. Gunn, 66 Okla. 316, 169 P. 1087, 4 A.L.R. 107; Marland Oil Co. v. Sans, 175 Okla. 131, 51 P. 2d 751; Tulsa Rig & Reel Mfg. Co. v. Case, 176 Okla. 262, 55 P. 2d 777.

Under the conclusive facts disclosed by the record in this case, to defeat the award for compensation the burden is on the petitioners to clearly show that the structure involved herein was not a "building" under a broad and liberal interpretation of the Compensation Act.

With reference to the word "building" we find the following statement contained in 12 C.J.S. 378:

". . . that the term is comprehensive,

generic, and, in its use, may be ambiguous, having no universal, inflexible meaning which will apply to all cases, but depending for its meaning upon the peculiar facts and circumstances of each particular case, the intention of parties or the aim of a particular statute. . . ."

At page 380 of the same text this statement is made:

"It has been said that 'building' in its broad or primary sense, refers merely to that which is built; that it comprises any edifice erected by the hand of man of natural materials, as wood or stone, brick or marble, and that it is susceptible without a violent interpretation of being construed as including many kinds of edifices and structures erected by man, which are not of the same general character as dwellings, stores, offices, or barns. The word has been defined or employed as meaning anything constructed; a thing built; or that which is built; and more specifically as an edifice for any use; an erection; a fabric built or constructed; a structure; a structure or a fabric built or constructed; any structure with walls and a roof; also a block of brick or stone work, covered in by a roof."

A water tank used to supply a town was held to be a building within a statute penalizing the explosion of explosives in, under, or near any building in State v. Ornelas, 72 N. M. 17, 74 P. 2d 723. It was therein said "the word 'building' is a very comprehensive term. It has been held to cover many types of structures. . . ." The following definition is found in City of Concord v. Morgan, 74 N. H. 32, 64 A. 725:

"All permanent structures intended to shelter human beings or domestic animals, or to receive, retain, or confine the goods in which a person deals, or to house the tools or machinery he uses or the persons he employs in his business, are commonly called 'buildings.' . . ."

Such work as the tearing down of such a structure as involved herein is inherently dangerous.

Under the undisputed facts in this case the structure was not in any way associated with farming and did not constitute an improvement of the farm, as such, on which it was located.

For the foregoing reasons we hold that the structure in question was, under all the facts and circumstances, a building not related to a farming industry nor constituting an improvement of the farm, as such, upon which it was situated, and, therefore, determine and hold that the employment of the respondent was, at the time he sustained his injury, covered by the Workmen's Compensation Act, and the Industrial Commission had jurisdiction of his claim for compensation thereunder.

Though the evidence discloses that the petitioners had engines and pumps, pipes, material and supplies of all kinds, and the necessary electrical equipment for the processing and remodeling thereof for sale and distribution and that for this purpose he maintained a workship, we do not pass upon the proposition of respondent that the work he was doing at the time of the accidental injury complained of was incidental to the operation of a workship and his claim is covered by the act for this reason. Likewise, we deem it unnecessary to pass upon his other proposition, that he was employed in "construction and engineering works."

Award affirmed.

WELCH, C. J., CORN, V. C. J., and OSBORN, GIBSON, HURST, and DAVISON, JJ., concur. RILEY and BAYLESS, JJ., absent.