OKLAHOMA CITY LIVESTOCK EXCHANGE et al. v. PARKEY et al.

No. 30940. Dec. 14, 1943.

Rehearing Denied Jan. 25, 1944.

*144 P. 2d 960.*

Mont F. Powell and L. B. Moore, both of Oklahoma City, for petitioners.

Claud Briggs, of Oklahoma City, and Randell S. Cobb, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by Oklahoma City Livestock Exchange, hereinafter referred to as petitioner, and its insurance carrier, to obtain a review of an award which was made by a trial commissioner and on appeal affirmed by the State Industrial Commission in favor of Leon F. Parkey, hereinafter referred to as respondent.

The essential facts will be briefly stated. On November 18, 1940, respondent sustained an injury to his back when he attempted to catch a lamb which was seeking to escape from a flock being driven to a pen in the yards of the petitioner. The petitioner and its insurance carrier furnished immediate medical attention and paid compensation for the one week for temporary total disability which resulted from the injury. Settlement was made on the form 7 agreement which was filed with and approved by the commission on January 18, 1941. Employer's first notice of injury dated November 27, 1940, was filed with the commission on January 11, 1941, and employee's first notice of injury and claim for compensation, which was dated November 27, 1940, was filed with the commission on January 15, 1941. The respondent returned to his employment on December 2, 1940, at the full wage which he had been receiving, and continued to perform the duties of his employment and to draw his wages therefor. Subsequently, on December 18, 1941, respondent filed with the commission an application to require the petitioner to furnish an operation to correct disability which the injury had caused to his back. Petitioner thereupon, on December 24, 1941, filed an answer in which it denied liability for the reason that the injury of respondent had been sustained in a noncompensable employment, and therefore was one which the State Industrial Commission had no jurisdiction to entertain or to make an award for the disability which had resulted. Hearings were held to determine liability and extent of disability. The evidence adduced at said hearings disclosed that the petitioner is a co-operative association of livestock commission merchants, organized for the mutual protection and convenience of its members in the conduct of their respective businesses, and that a part of the service rendered by the association was the maintenance of a yard with pens at which livestock consigned to the various members was received and placed in pens allotted to the particular members and there held, fed, and watered until such time as the consignee could either sell or otherwise dispose of the particular shipment; that petitioner was not permitted to make a profit on the feed furnished such stock and could merely charge for the cost of same and a service charge in accordance with the tariff which conformed to federal regulations governing such service. The evidence further disclosed that the petitioner was not engaged in either the buying or selling of livestock or any other commodity, although all of its members were so engaged on their own account. Under the facts substantially as above narrated, the trial commissioner made the following findings of fact:

"1. That on the 18th day of November, 1940, the claimant was in the employ

of the Oklahoma City Livestock Exchange, and engaged in a hazardous occupation, subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date he sustained an accidental personal injury, arising out of and in the course of his employment, consisting of an injury to his back.

"2. The average wages of the claimant at the time of said accidental injury were $30.00 per week.

"3. That the Oklahoma City Livestock Exchange is a voluntary association of a number of Livestock Commission Companies operating in the Oklahoma City Market. That such exchange is governed and controlled by a Board of Managers selected by constituent members of the Livestock Exchange. That all of the employees of the respondent, Oklahoma City Livestock Exchange, are selected and employed by such board, and all of its activities are subject to its control and under its direction. That the Oklahoma City Livestock Exchange provides a service to its members that is an integral part of their business as Livestock Commission Merchants. That the business of the various Livestock Commission Merchants, who constitute the membership of the Oklahoma City Livestock Exchange, is that of wholesale merchants and as such are subject to the provisions of the Workmen's Compensation Laws of the State of Oklahoma.

"4. That claimant was temporarily totally disabled from Nov. 19th, 1940, less the five-day waiting period, to Dec. 2, 1940, for which period of time, he has heretofore been paid compensation at the rate of $18.00 per week.

"5. That since the 2nd day of December, 1940, the claimant has worked for the respondent in the same capacity as he did prior to the accident of November 19, 1940, and has received the same wages for his services. That during all of the time since the accident the claimant has suffered pain and discomfort, and he has been treated from time to time ever since the accident by Dr. Neil W. Woodward for the disability caused by the accident. That on or about the 6th day of September, 1941, X-ray pictures were taken of the claimant's back

and it was ascertained that he had suffered an injury to his back, as a result of the accident, and that it will require a surgical operation to correct same."

Based upon the foregoing findings the trial commissioner awarded respondent an operation to relieve the disability to his back and compensation for temporary total disability which would follow such operation.

The petitioner appealed to the State Industrial Commission en banc, and from the order and award of the commission affirming and approving the award as made by the trial commissioner the petitioner brings this proceeding. Issues of law alone are presented here, the injury and its extent not being involved.

The petitioner contends that findings of fact Nos. 1 and 3 are not sustained by any competent evidence, and that the award is contrary to law for the reason that the business of petitioner is not one of those enumerated in and defined as hazardous by 85 O. S. 1941 §§ 2 and 3, and that therefore the State Industrial Commission was without authority to make any award whatsoever to the respondent.

The respondent urges that the petitioner by its conduct waived the jurisdictional issue and should now be held liable by reason thereof, and further, that the evidence shows that the members of petitioner were engaged in businesses which could properly be denominated wholesale mercantile establishments, and that as petitioner was rendering them a service in the maintenance and operation of receiving yards, it should be held to be likewise engaged in the wholesale mercantile business.

Whether a particular employment is one covered by the provisions of the Workmen's Compensation Act (85 O. S. 1941 § 1 et seq.) involves an issue of jurisdiction. Burrows v. State Industrial Commission, 188 Okla. 523, 111 P. 2d 175. The findings of the State Industrial Commission upon such an issue are not conclusive and upon review this

court will weigh the evidence and make its own independent findings of fact with respect thereto. Burrows v. State Industrial Commission, supra; Griffin v. Holland, 191 Okla. 417, 131 P. 2d 113; McKeever Drilling Co. v. Egbert, 170 Okla. 259, 40 P. 2d 32; Tulsa Rig & Reel Mfg. Co. v. Case, 176 Okla. 262, 55 P. 2d 777. The jurisdiction of the State Industrial Commission to make an award cannot be conferred by agreement, waiver, or conduct of parties. Hardy Sanitarium v. De Hart, 164 Okla. 29, 22 P. 2d 379. That the jurisdiction of the State Industrial Commission to award compensation for a disability which results from injury is confined to injuries sustained in those employments enumerated in and defined as hazardous by the Workmen's Compensation Act, supra, is well settled. City of Tulsa v. State Industrial Commission, 189 Okla. 73, 113 P. 2d 987; Chatham v. Arrow Drilling Co., 183 Okla. 243, 80 P. 2d 944; Oklahoma Steel Castings Co. v. Banks, 181 Okla. 503, 74 P. 2d 1168; Veazey Drug Co. v. Bruza, 169 Okla. 418, 37 P. 2d 294; Southland Refining Co. v. State Industrial Commission, 167 Okla. 3, 27 P. 2d 827.

The business of livestock exchange is not one of those enumerated in and defined as hazardous by the Workmen's Compensation Act, supra, and the facts do not disclose that petitioner is engaged in any of the lines, businesses, or industries enumerated in and defined as hazardous by said act. On the contrary, it discloses that the business of the petitioner is in nature and form an organization set up for the primary purpose of affording protection to its members in the operation of their independent businesses and incidentally furnishing them with pens and yards in which to hold their livestock shipments pending a sale thereof by them.

As respects the contention of the respondent that the individual members of petitioner were engaged in wholesale mercantile business, the record discloses that members of petitioner were engaged in business as commission merchants. The business of a commission merchant is that of factor. 11 R.C.L. 753, § 2. People's Bank v. Frick, 13 Okla. 179, 73 P. 949. The business of a factor is as separate and distinct from that of a wholesale merchant as is the business of the latter from that of a retail merchant. The maintenance of a warehouse by retail merchant to supply his stores with merchandise does not constitute the merchant a wholesale one. Veazey Drug v. Bruza, supra. Use of depots, warehouses or similar facilities by a commission merchant or factor does not have the effect of transforming the business from that which the law declares it to be to that of a wholesale or retail mercantile establishment. The business of factor or commission merchant is also not one of those enumerated in and defined as hazardous by the Workmen's Compensation Act, supra, and therefore, irrespective of whether the service rendered to members by the petitioner was incidental to the businesses of such members, the employment of respondent remained a nonhazardous one, and therefore one for which, under the above-cited authorities, the State Industrial Commission was without authority to award compensation. Under the record which has been brought here, there is no competent evidence to sustain the findings of fact essential to the award. It therefore becomes our duty as a matter of law to vacate the award.

Award vacated.

CORN, C.J., GIBSON, V.C.J., and OSBORN, BAYLESS, WELCH, and DAVISON, JJ., concur. RILEY, HURST, and ARNOLD, JJ., dissent.

---

RILEY, J. (dissenting). The business of a livestock exchange is a wholesale mercantile establishment. The volunteer nature of the business is wholly immaterial, for sales of cattle in lots, droves, and herds are made by and through the agency or establishment.

It is a trade organization existing for profit, and so a commercial enterprise. While it affords protection to its members in the operation of their private

undertakings, and while those private undertakings may be afforded exemption under the act, the collective enterprise and establishments may not properly escape protection to an injured employee, for by law applicable the livestock exchange is a "wholesale mercantile establishment," and within terms of the act.

———

ARNOLD, J. (dissenting). The livestock exchange is a voluntary organization composed of practically all the livestock commission agents engaged in the business of selling livestock for individual owners at the stockyards near Oklahoma City. The premises are owned and maintained by the Oklahoma Livestock Yard Company. The Oklahoma City Livestock Exchange is a nonprofit organization for the sole purpose of promoting the convenience of the commission company members. The service performed by it would necessarily have to be performed by the consignee commission agent except for its existence and performance of the service delegated to it. Under such circumstances, the acts performed by it are the acts of the consignee commission agent. Under the record before us, I think it is plain that a consignee commission agency and the livestock exchange should be considered as one and the same person as to acts performed by them in connection with the same shipment. One is engaged in storage and the other is engaged, as contended by it, in the service of transferring consigned livestock for the other. A commission company, though not ordinarily engaged in the business of *transfer and storage,* may be so engaged and therefore liable under the Workmen's Compensation Act. Any other view of this case under the peculiar facts disclosed by the record would lead to an unintentional injustice and permit one who would otherwise be liable to escape its rightful responsibility to workmen engaged in a very hazardous occupation.

I also think that the exchange is necessarily and actually engaged in storage as as a necessary incident to its admitted service of transporting livestock. Under the peculiar and unusual facts as to the relationship of the livestock exchange and the member consignees, as hereinbefore pointed out, it should be held that both the consignee commission. company and the exchange should be held to be engaged in both *transfer and storage,* and therefore within the Workmen's Compensaction Act.

The majority opinion correctly determines the jurisdictional question presented, but the award should not be vacated if, on another ground, it is apparent that the commission did have jurisdiction and was empowered to enter the award in controversy.

I, therefore, dissent.