**HOLSEY APPLIANCE COMPANY,**
Petitioner,

v.

**Lucille Faye BURROW and State Industrial Commission, Respondents.**

No. 36467.

Supreme Court of Oklahoma.

March 15, 1955.

Paul Dudley, Oklahoma City, and Burton & Jones, Lawton, for petitioner.

Chas. G. Ozmun, Logan, Godlove & Cummins, Lawton, Mac Q. Williamson, Atty. Gen., for respondents.

BLACKBIRD, Justice.

This is a claim presented to the State Industrial Commission by Lucille Faye Burrow, widow, in behalf of herself and the minor child of Tommy Richard Burrow, hereinafter referred to as Burrow, who was killed by electrocution when he came in contact with a high voltage electric line while installing a television aerial or antenna on a dwelling in Lawton, Oklahoma, in the course of his employment by petitioner Holsey Appliance Company. An award was made under the Death Benefits provision of 85 O.S.1951 § 1 et seq., for the maximum amount, $13,500. This proceeding is brought by petitioner to review the award.

The evidence discloses that petitioner is a Lawton retail store which sells and services radios, electric refrigerators, television sets and washing machines and the service appliances therefor. Burrow was its employer for all these purposes.

Donald Mitchell, an employee engaged in erecting the antenna at the time Burrow was killed, testified that he and Burrow were setting up or installing a 30-foot aerial or antenna when the accident occurred. He gave deceased's title as that of a "service man" for the appliance company and stated that part of his duties consisted of installing, or assisting in the installation of, electrical appliances sold by the company. In describing the particular installation in which he and deceased were engaged on the date of the fatal accident, he stated that the antenna involved was not pre-assembled and that he and deceased assembled it on the ground near the dwelling; that in such assembling the only tools they needed were ordinary wrenches and a pipe wrench; that guy wires were connected on one end to the antenna pole; that the other end of said wires was fastened to the eaves of the house with screws which are a "kind of eyelet proposition"; that in erecting the pole with the antenna on it, a bracket is also used which is screwed to the roof of the house with 2-inch screws; that this work had to be done on the roof-top; that on the day in question he and deceased had assembled the antenna and pole and were attempting to erect it on the house roof when it came into contact with an electric highline.

Petitioner argues that the award cannot be sustained because the claimant, as a retail appliance store employee, was not engaged in a "hazardous" employment within the purview of the Workmen's Compensation Act. Its counsel cites some cases to the effect that employment in a retail mercantile store is not such an employment, and other cases to support their argument that its appliance store was not a "workshop" within the meaning of 85 O.S.1951 § 3. On the other hand, claimant argues (inter alia) that deceased was engaged in construction or construction work, which under the specific wording of the Act, is a hazardous employment. In this, we agree. Among the employments designated as hazardous in 85 O.S.1951 § 2, are "construction and engineering works"; and in sec. 3, par. (14) of said title, construction work or engineering work is defined as "improvement or alteration or repair of buildings, structures, streets, highways, sewers, street railways, railroads, logging roads, interurban railroads, electric, steam or water plants, telegraph and telephone plants and lines, electric lines or power lines, and includes any other work for the construction, altering or repairing for which machinery driven by mechanical power is used." "Structure" has been defined as anything constructed or erected and whose use " 'requires more or less permanent location on the ground or attachment to something having a permanent location on the ground' ", San Diego County v. McClurken, 37 Cal.2d 683, 234 P.2d 972, 976; and we have held that work on a water storage tank supported by a steel tower,

Griffin v. Holland, 191 Okl. 417, 131 P.2d 113, and work on an outdoor sign or. billboard, Switzer Adv. Co. v. White, 188 Okl. 567, 111 P.2d 815, 818, are both hazardous employments within our Workmen's Compensation Act. To borrow language from the opinion in the Switzer case we may say "without entering into any dialectical discussion of the matter" as to just which types of work might technically be considered as coming under the heading of construction work, we think from the broad and comprehensive language used to indicate its intention as to the liberal interpretation to be given that term, we are not warranted in attempting to draw fine or technical distinctions. In accord with the principle that the Workmen's Compensation Act is remedial and should be construed liberally and as a whole, and of the reasonable presumptions indulged in favor of those for whose protection it was intended, Griffin v. Holland, supra, we have followed the rule that whether or not a particular employment comes within its terms must be determined from its nature rather than from the name given it. See Switzer Adv. Co. v. White, supra. As we have concluded that there is nothing in the nature of the decedent's employment to furnish a valid distinction between it and the other types of construction work that have been held to be included in the Act, we are of the opinion that the award should be sustained. This case is readily distinguishable from City of Hobart v. Wagoner, 191 Okl. 689, 132 P.2d 926, 927, cited by petitioner in which we held that the respondent's work of installing a traffic sign at a street intersection there involved did not constitute "repair or alteration of a street." In arriving at the quoted conclusion, this court reasoned that the traffic sign was no part of the highway or street and was for an altogether different purpose than that of a passageway. Here, it makes no difference that the television antenna may be regarded as no part of the house, for our announced conclusion is not dependent upon such hypothesis, but is based upon the nature of the antenna itself, and of the work necessary to erect it and conform it to the use for which it

alone was intended on the roof of the house. In view of the foregoing, it is unnecessary to deal with other arguments presented.

The award is sustained.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, ARNOLD and JACKSON, JJ., concur.

HALLEY, J., concurs in conclusion.