SPARKLE CLEANERS and Premier Homes, Plaintiffs-in-Error,

v.

Olin Dewey MARLAR and the State Industrial Court, Defendants-in-Error.

No. 44036.

Supreme Court of Oklahoma.

May 11, 1971.

H. W. Nichols, Jr., of Watts, Looney, Nichols & Johnson, Henry F. Featherly of Lamun, Mock, Featherly & Baer, Oklahoma City, for plaintiffs in error.

Paul Pugh and Al Pugh, Oklahoma City, for defendant in error.

IRWIN, Justice:

Presented for review is an order of the State Industrial Court sitting en banc, vacating an order of the trial judge denying the respondent, Olin Dewey Marlar, claimant below, workmen's compensation benefits and awarding him benefits against both petitioners. Primary liability was imposed against Sparkle Cleaners as the employer of claimant, and secondary liability was imposed against Premier Homes as the principal employer under 85 O.S.1961, § 11. The parties will be referred to as they appeared before the trial tribunal.

The primary issue presented is the liability of Premier Homes (principal employer) when it employed Sparkle Cleaners (independent contractor) to clean its newly built house and claimant (an employee of Sparkle Cleaners) sustained an accidental injury on the job.

Respondent, Premier Homes, builds houses. After a house has been built it employs Sparkle Cleaners to clean the house and get it ready to show to prospective buyers.

Sparkle Cleaners is a small cleaning business owned and operated by a Mrs. Spiva. She cleans houses for several builders and she uses her own mops, rags, vacuum cleaner, razor blades, etc., to do the cleaning. Cleaning a house includes scraping paint from windows with razor blades and washing the windows. Each builder pays Mrs. Spiva a reasonable sum for cleaning a house. Mrs. Spiva employed claimant to assist her in cleaning houses. They were cleaning a house owned by Premier Homes when claimant sustained his injuries.

In Nunn v. Oklahoma City, Okl., 468 P. 2d 478, we held that a janitor performing merely janitorial work is not employed in a hazardous employment within the meaning of the Workmen's Compensation Law. In Oklahoma Steel Castings Co. v. Banks, 181 Okl. 503, 74 P.2d 1168, we held that window cleaning is not a hazardous occupation.

Claimant contends however, that the above cases are not applicable for the reason that he was not doing janitorial work but construction work at the time of the injury. Claimant argues that scraping paint from windows and washing them and other cleaning tasks, necessary in preparing the new house to show prospective purchasers, was the final stage in constructing the new house. In other words, claimant argues the house had not been completed and that cleaning the house constituted the final stage of construction.

85 O.S.1961, § 11(1), provides that the independent contractor shall, at all times, be liable for compensation due to his direct employees, or the employees of any subcontractor or such independent contractor, and the principal employer shall also be liable in the manner specified for compensation due all direct employees, employees of the independent contractors, subcontractors, or other employees engaged in the general employer's business. Sec. 11(2), specifies the manner in which the principal employer and independent contractor or subcontractor may be liable.

Although the Oklahoma Steel Castings Co. case, supra, did not specifically discuss the respective liabilities of a principal em-

ployer and independent contractor, the case is pertinent to the case at bar. In that case the claimant was an employee of a window cleaning service and was injured while cleaning windows in a plant owned by the principal employer. The principal employer was engaged in a hazardous business. The injured employee brought a tort action against the principal employer and the principal employer defended the action on the grounds that claimant was covered by the Workmen's Compensation Law. In that case we said: "Whether the workman is protected is dependent upon the character of the work of his employer and not that of the person for whom he is doing the work under an independent contract, * * *." We affirmed the judgment of the trial court wherein plaintiff had recovered damages against the principal employer in a tort action.

The Oklahoma Steel Company case supports the rule that if an independent contractor is not engaged in an industry or occupation covered by the Workmen's Compensation Law, and he performs his services for a principal employer who is engaged in an industry or occupation covered by the Law, an employee of the independent contractor who is injured while performing the services for the principal employer, may bring a tort action against the principal employer and the defense that the State Industrial Court has exclusive jurisdiction is not available to the principal employer.

 In our opinion, when a principal employer employs an independent contractor to perform certain services, and an employee of the independent contractor is injured while performing those services, the applicability of the Workmen's Compensation Law to those services is determined by the industry and occupation of the independent contractor rather than that of the principal employer. If the independent contractor is not engaged in a hazardous service or occupation covered by the Workmen's Compensation Law, and contracts to perform its nonhazardous service

for a principal employer, the character of the service to be performed remains nonhazardous even though the principal employer may be engaged in an occupation covered by the Law.

In the case at bar, Sparkle Cleaners was engaged in a janitorial service which is not a hazardous occupation within the meaning of the Workmen's Compensation Law and claimant was not entitled to an award against it. There being no liability against Sparkle Cleaners, the independent contractor, no liability could attach against Premier Homes, the principal employer under the Workmen's Compensation Law.

Award vacated.

BERRY, C. J., DAVISON, V. C. J., and WILLIAMS, JACKSON, HODGES and McINERNEY, JJ., concur.

BLACKBIRD, J., concurs in results.