## OKLAHOMA CITY FEDERAL SAVINGS & LOAN ASS'N v. STATE INDUSTRIAL COMMISSION et al.

No. 26519. Feb. 11, 1936.

Everest & Halley, for plaintiff in error.

J. Q. A. Harrod and Laynie W. Harrod, for defendants in error.

CORN, J. This is an original proceeding in this court by petitioner to review an award made by the State Industrial Commission in favor of claimant, W. M. Hodge, allowing him compensation for an injury sustained in the performance of labor for petitioner.

The claimant had been working for the building and loan association off and on for about six or eight months. The association had acquired through foreclosures a number of houses and buildings, and in order to recondition these properties for resale or rental,

carpenters, plasterers, painters, and decorators were employed from time to time to do this work; and it appears that the association employed a truck driver and an assistant to do the necessary hauling incident to the work—repairing, improving, and reconditioning such properties. The duties of the claimant were to assist the truck driver and to do whatever he was told to do. Much of his time was employed in cleaning up after the workmen, hauling off trash to the dump ground, cleaning floors and mowing lawns, and doing other odd jobs. He sustained a back injury while assisting the truck driver and two other workmen in carrying out of the office building of the association an old radiator which was hauled off to the city dump ground.

There is no dispute or controversy as to the facts in the case, the only questions involved being questions of law; hence this court is not bound by the findings of the State Industrial Commission.

The petitioner contends that the commission was without jurisdiction to make the award for the reason that the employment of claimant did not come under the Workmen's Compensation Act.

Similarity of facts brings this case clearly within the rule laid down in the case of Meyer & Meyer et al. v. Davis et al., 162 Okla. 16, 18 P. (2d) 869. In that case the record shows that Meyer & Meyer operated a funeral home, and the claimant, at the time of his injury, was engaged in painting and decorating the woodwork in the building occupied by the funeral home, and that prior to his injury he had cleaned and replaced the putty in some windows; that while painting the woodwork around one of the windows, a ladder slipped and he fell about 18 or 20 feet to a cement sidewalk, fracturing his arm and wrist, and straining some ligaments in his hip. The Industrial Commission entered an order finding that claimant was engaged in a hazardous employment subject to and covered by the Workmen's Compensation Act and awarded compensation. Reviewing the award, this court held that in order to sustain the award of the commission it must be shown that the painting, decorating, and repairing the windows of the building was an employment, not only hazardous, but was also being carried on by the employer for pecuniary gain. The award was vacated in the absence of proof that the employment was carried on for pecuniary gain. The rule is concisely stated in the syllabus as follows:

"Where an employer is engaged in a nonhazardous business and employs some one to perform labor for him of a hazardous nature as an incident to such nonhazardous business, but not in the conduct of same for pecuniary gain, such employee, if injured, does not come within the provisions of the Workmen's Compensation Act, for subsection 5 of section 13350, O. S. 1931, provides: ' "Employment" incluudes employment only in a trade, business or occupation carried on by the employer for pecuniary gain.' "

In the case of Harris v. Wallace et al., 172 Okla. 349, 45 P. (2d) 89, the petitioner owned and operated two apartment houses in Oklahoma City which he desired to repair and remodel, and the claimant was employed to paint and redecorate and remodel the interior of the apartments, and while so engaged, received an injury to his knee; and for this injury the Industrial Commission awarded compensation under the Workmen's Compensation Act. Following the rule in Meyer & Meyer v. Davis, supra, in a proceeding to review said award, this court vacated the award.

Section 13349, O. S. 1931, classifies "construction and engineering works" among the hazardous employments covered by the Workmen's Compensation Act, and subsection 14 of section 13350, O. S. 1931, defines the terms "construction work" and "engineering work" as meaning "improvement or alteration or repair of bui'dings, structures," etc., but subsection 5 of section 13350, supra, defines the term "employment" as used in the act as follows:

" 'Employment' includes employment only in a trade, business or occupation carried on by the employer for pecuniary gain."

It is not necessary to decide whether the nature of the work being performed by claimant at the time of his injury was hazardous, as the work he was doing was an incident to a nonhazardous business, and was not carried on by the employer for pecuniary gain, and therefore does not come within the provisions of the Workmen's Compensation Act.

The award of the State Industrial Commission is vacated and the cause remanded to said commission, with directions to dismiss the same.

OSBORN, V. C. J., and RILEY, BAYLESS, WELCH, and GIBSON, JJ., concur. McNEILL, C. J., and BUSBY and PHELPS, JJ., absent.