### SHEFFIELD STEEL CORPORATION et al. v. BARTON et al.

No. 28397.   Oct. 11, 1938.

Rehearing Denied Nov. 15, 1938.

Butler, Brown & Rinehart, for petitioners.

Hamilton & Clendinning and Mac. Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by Sheffield Steel Corporation and Consolidated Underwriters, as petitioners, to obtain a review of an award made by the State Industrial Commission in favor of the respondent Isaac Barton.

The respondent, on February 26, 1937, while engaged in the operation of a switch engine for the petitioner Sheffield Steel Corporation, sustained an accidental personal injury which resulted in the total loss of his left leg by amputation. The injury and extent thereof is not an issue here. The petitioner furnished necessary medical, surgical, and hospital attention and care and paid voluntarily compensation at the rate of $10.46 per week to respondent during the period of his temporary total disability, which the parties stipulated ended on August 25, 1937. Upon application of the petitioners to discontinue payment of further compensation for temporary total disability and to determine the extent of respondent's permanent disability, the commission held hearings, and on December 29, 1937, entered the award which we are now called upon to review. The pertinent findings made by the commission are as follows:

"1. That on February 26, 1937, the claimant was in the employ of the respondent and engaged as a switchman subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date sustained an accidental personal injury arising out of and in the course of his employment, consisting of the loss of his left leg.

"2. That the claimant was not engaged in said employment during substantially the whole of the year next preceding said injury,

and that the average earnings of employees in the same class of work working substantially the whole of the year next preceding said injury in the same or similar employment in the same or neighboring place was 89c an hour for eight hours a day, and that claimant's proper rate of compensation therefore is $18 per week based on 89c an hour for eight hours a day.

"3. That claimant was temporarily totally disabled from February 26, 1937, to August 25, 1937.

"4. That by reason of said accidental injury claimant sustained a loss of his left leg."

In accordance with the foregoing findings the State Industrial Commission awarded the respondent compensation at the rate of $18 per week for his period of temporary total disability, less any sums theretofore paid, and at the same rate for the further period of 175 weeks on account of his specific injury. The petitioners contend that the State Industrial Commission erred as a matter of law in finding that the respondent had not worked in the employment in which he was working at the time of the accident for substantially the whole of the year immediately preceding his injury, and in finding his average daily wage per hour for an 8-hour day. The uncontradicted evidence in the record shows that the respondent entered the employ of the petitioner Sheffield Steel Corporation as a manual and mechanical worker on April 26, 1936, and had remained continuously in such employment, except for a four-week lay-off on account of an injured finger, until the date of the injury involved in the award now under review, and that the duties of the respondent under his employment were not limited to any particular type of work, but consisted of doing practically any type of manual labor that he was called upon to perform; part of the time serving as a switchman on an engine used in the yards of the petitioner and other times performing manual and mechanical labor of general and indiscriminate nature, and that during the days that he was so employed he received as wages the sum of $2.80 per day regardless of the type of work he performed. It will be noted that the respondent had worked in the employment at which he was working at the time of his accident for approximately three-fourths of the year immediately preceding his injury. This constituted an employment for substantially the whole of the year. It will be noted further that the State Industrial Commission was apparently of the opinion that the nature of the work being done at the time of the injury

governed the rate of compensation to be awarded. Such is not the case. It is the nature of the employment in which the employee is engaged rather than the specific act that he was performing at the time of the injury which determines his right or lack of right to compensation under the law. As said in the case of Pemberton Bakery v. State Industrial Commission, 180 Okla. 446, 70 P.2d 98:

"When the work of an employee is manual or mechanical and is connected with, incident to, and an integral part of business or industry enumerated in and defined as hazardous by the Workmen's Compensation Law, such employee is both protected and bound by the provisions of said act notwithstanding the fact that such work may be performed in a room or place or under conditions not inherently hazardous. Wilson & Co. v. Musgrave, 180 Okla. 246, 68 P.2d 846."

In other words, the statute provides compensation for manual and mechanical workers in certain defined industries and makes no distinction between the type of work done by such employee as to whether it be skilled, semi-skilled, or purely manual, and the statute which prescribes the formula to be used in computing compensation in each case is to be found in section 13355, O. S. 1931, 85 Okla. Stats. Ann. sec. 21, and reads as follows:

"Except as otherwise provided in this act, the average weekly wages of the injured employee at the time of the injury shall be taken as the basis upon which to compute compensation and shall be determined as follows:

"1. If the injured employee shall have worked in the employment in which he was working at the time of the accident whether for the same employer or not, during substantially the whole of the year immediately preceding his injury, his average annual earnings shall consist of 300 times the average daily wage or salary which he shall have earned in such employment during the days when so employed.

"2. If the injured employee shall not have worked in such employment during substantially the whole of such year, his average annual earnings shall consist of 300 times the average daily wage or salary which an employee of the same class working substantially the whole of such immediately preceding year in the same or in a similar employment in the same or a neighboring place shall have earned in such employment during the days when so employed.

"3. If either of the foregoing methods of arriving at the annual average earnings of an injured employee cannot reasonably

and fairly be applied, such annual earnings shall be such sum as, having regard to the previous earnings of the injured employee and of other employees of the same or most similar class, working in the same or most similar employment in the same or neighboring locality, shall reasonably represent the annual earning capacity of the injured employee in the employment in which he was working at the time of the accident.

"4. The average weekly wages of an employee shall be one fifty-second part of his average annual earnings."

It will be noted that the statute directs the commission specifically as to the procedure to be followed, and where the worker has worked for substantially the whole of the year immediately preceding his injury in the employment in which he was working at the time of his injury, whether for the same employer or not, his average annual earnings are to be ascertained in the manner provided by subdivision 1 of said section 13355, supra, and his average weekly wage in the manner provided by subdivision 4 of the foregoing section, and compensation is to be awarded in accordance therewith. In view of what has been said, it is apparent that the State Industrial Commission should have proceeded under subdivision 1 rather than under subdivision 2 of section 13355, supra, and that it erred as a matter of law in so doing. Skelly Oil Co. v. Ellis, 176 Okla. 569, 56 P.2d 891; Dunning Const. Co. v. Franklin, 166 Okla. 198, 26 P.2d 914; City of Norman v. Bowers, 154 Okla. 200, 7 P.2d 482.

As said in the case of R. S. James Const. Co. v. Aylor, 171 Okla. 173, 42 P.2d 528:

"Section 13355, O. S. 1931, prescribed the formula to be used in computing compensation payable for injuries sustained under the Workmen's Compensation Law, and when it appears from the record that the formula so prescribed is not adhered to, said award will be vacated, in order that the provisions contained in said statute will be applied."

The award is therefore vacated in order to enable the State Industrial Commission to make a proper computation of the annual earnings and of the average weekly wage of the respondent and a proper award of compensation based thereon.

Award vacated, with directions.

OSBORN, C. J., and PHELPS, CORN, GIBSON, and HURST, JJ., concur.