**HAAS v. FERGUSON et al.**

No. 27186.     Jan. 31, 1939.

Meacham, Meacham & Meacham, for petitioner.

Waldrep & Skinner, for respondents.

BAYLESS, C. J. Schmidt Construction Company, a corporation, whose business was that of constructing buildings, undertook for a monetary consideration the complete construction of a house which Leo A. Haas, a retail clothing merchant, contemplated having built on a site owned by him and situated in a residential section of the city of Clinton, Okla., and which house he intended to use and occupy as a dwelling place. In relation to said undertaking and the subsequent performance thereof, the status of Schmidt Construction Company was, and remained, that of an independent contractor. In carrying out the undertaking, said company omitted to secure payment of injury disability compensation to its employees in any of the ways provided for in the Workmen's Compensation Law of this state. While the house was under course of construction, George C. Ferguson, one of the carpenters working thereon and employed by said company, in the course of and arising out of said employment, sustained an accidental personal injury which resulted in permanent loss of vision of his right eye. The vision of his left eye had been destroyed many years prior to his employment by Schmidt Construction Company, and by reason of the injury aforementioned he became totally blind. Thereafter he filed with the State Industrial Commission an employees' first notice of injury and claim for compensation. And the commission, after hearing had, found, inter alia, as follows:

"* * * That * * * Schmidt Construction Company failed and neglected to provide compensation insurance as required by the statutes of this state, and that * * * Leo A. Haas, as owner, failed and neglected to require the Schmidt Construction Company to provide compensation insurance covering the claimant and other employees who might be so engaged, and that by reason of said failure of the said Leo A. Haas to require provisions for compensation insurance payable to the claimant herein, the said Leo A. Haas, as such owner, became and is secondarily liable to said claimant herein for his said injury. * * *"

The award of compensation which followed was for $9,000; and the commission, apparently for the reasons stated in its finding quoted above and relying upon provisions of the Workmen's Compensation Law hereinafter quoted as authority for so doing, adjudged Leo A. Haas as well as Schmidt Construction Company to be liable for payment of the award. Thereafter, and in due time, Leo A. Haas commenced this proceeding with a view to having a review of said award.

The award, so far as it relates to or affects Schmidt Construction Company, is not challenged in this proceeding. But we are called upon to determine whether in the premises the State Industrial Commission acted with authority in adjudging Leo A. Haas to be liable for payment of said award.

In the Workmen's Compensation Law of this state (O. S. 1931, sec. 13348, et seq., amended; 85 Okla. St. Ann. sec. 1, et seq.) it is provided:

"* * * The independent contractor shall, at all times, be liable for compensation due to his direct employees, or the employees of any subcontractor of such independent contractor, and the principal employer shall

also be liable in the manner hereinafter specified for compensation due all such employees. * * *"

And further:

"If it appears that the principal employer has failed to require a compliance with the Workmen's Compensation Law of this state, by his or their independent contractor, then such employee may also proceed in the same investigation or case against such principal employer. If it shall be made to appear in such proceeding that the principal employer has failed to require a compliance with this act by his independent contractor, then such principal employer shall be liable. for all such injuries to employees of his independent contractor, or the subcontractor of such independent contractor. * * *"

In the case of Standard Savings & Loan Association v. E. R. Whitney and State Industrial Commission (No. 26918) opinion filed December 6, 1938, 184 Okla. 190, 86 P.2d 298, we said with respect to the provisions of the Workmen's Compensation Law last quoted herein that:

"From said provisions it would appear that it is the failure of a 'principal employer' 'to require a compliance with the act' by such principal employer's independent contractor, which operates to make such principal employer liable for compensable injuries sustained by employees of the independent contractor, or of the subcontractor of such independent contractor. This provision, of course, presupposes that a lawful duty rests upon such principal employer to require of his independent contractor a compliance with the act."

Therefore, we think said provision to be without application in the instant case, unless it can be said that Leo A. Haas was legally bound to exact of Schmidt Construction Company, the independent contractor, a compliance with the act.

It is not to be doubted but that an employer carrying on for pecuniary gain a trade, business, or occupation declared by the Workmen's Compensation Law of this state to be hazardous, is legally bound to exact a compliance with said law by such employer's independent contractor, in instances wherein manual or mechanical work, or labor, which is a part of, or process in, such trade, business, or occupation is to be performed by the independent contractor and his employees. Standard Savings & Loan Association Case, supra. So, if it may be said of Leo A. Haas that he was in the premises carrying on for pecuniary gain the business of constructing a building, then properly we should hold that the construction work undertaken by Schmidt Construc-

tion Company as an independent contractor was work a part of said business, and that therefore Leo A. Haas was legally bound to "exact a compliance with the act" by the said independent contractor. But from the record it may not be so said. For the record reflects that Leo A. Haas was in no wise whatever engaged in the construction business.

We are of the opinion, and hold, that in the premises Leo A. Haas was not legally bound or required to exact of Schmidt Construction Company a compliance with the Workmen's Compensation Law, and that therefore it was error for the State Industrial Commission to adjudge Leo A. Haas to be liable for payment of the award.

Said award, so far as it related to or affects Leo A. Haas, is hereby vacated.

RILEY, OSBORN, CORN, GIBSON, HURST, and DANNER, JJ., concur. DAVISON, J., dissents. WELCH, V. C. J., absent.