**SKELLY OIL CO. v. PIERCE et al.**

No. 28838.    Oct. 3, 1939.

W. P. Z. German, Alin F. Moloney and C. L. Swim, all of Tulsa, and A. S. Gilles, of Oklahoma City, for petitioner.

John Steele Batson, of Marietta, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by Skelly Oil Company, hereafter referred to as petitioner, to obtain a review of an award made by the State Industrial Commission in favor of Marion W. Pierce, hereafter referred to as respondent.

On January 18, 1938, the respondent filed with the State Industrial Commission employee's first notice of injury and claim for compensation, wherein he alleged that he had sustained a compensable injury on October 7, 1937, while in the employ of the petitioner. The petitioner immediately filed answer wherein it denied liability generally and specifically and alleged that if respondent had been injured at all, such injury had occurred while he was doing work in a business which was not compensable. The evidence adduced at the hearing held by the commission to determine liability and extent of disability discloses substantially the following state of facts, to wit: That respondent was an employee of the petitioner and had been for some time; that his work was of a manual and mechanical nature and consisted largely in doing whatever he was called upon to perform; that on October 7, 1937, respondent was engaged, with his team, in grading up a slush pit around a well which belonged to the petitioner on one of its leases; that respondent had been receiving 75 cents per hour for himself and team, or $6 per day for the days that he and his team worked; that respondent had worked in the employment in which he was injured for approximately a year prior to the date of his alleged injury, and that on October 8, 1937, respondent informed his foreman that he had slipped into the slush pit the day before and had injured himself; that respondent was then sent by his foreman to the petitioner's doctor for examination and treatment; that this doctor treated the respondent until about October 12, 1937, at which time he released him for work; that respondent did not go back to work, but obtained independent medical attention and was sent to a hospital at Ardmore, where he remained for approximately five weeks; that respondent had a pronounced disability in his left leg, but whether the same was due to injury or disease was a disputed question.

480

The State Industrial Commission, on the basis of the evidence just narrated, made the following findings of fact:

"1. That on the 7th day of October, 1937, the claimant was in the employ of the respondent and engaged in a hazardous occupation, subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date he sustained an accidental personal injury, arising out of and in the course of his employment, to wit: injury to left leg.

"2. That the average monthly wage of the claimant at the time of said accidental injury was $125 per month, fixing his rate of compensation at $18 per week.

"3. That the respondent had actual notice of said accidental personal injury.

"4. That as a result of said accidental personal injury, claimant was temporarily totally disabled from the date of said accident, October 7, 1937, to and including March 11, 1938."

In accordance with the findings so made, the commission awarded respondent compensation at the rate of $18 per week for a period of 21 weeks, 4 days, on account of temporary total disability.

The petitioner, as grounds for the vacation of the foregoing award, urges, in substance: (1) That the evidence does not show that petitioner was engaged in one of the businesses, trades, or employments enumerated in and defined as hazardous by the Workmen's Compensation Law; (2) that the commission failed to find that under the facts the business of the petitioner was a hazardous one; (3) that the commission used a different employment from that in which the respondent was engaged to base the rate of compensation; (4) that the item of average daily wage was not ascertained in the manner directed by statute. The first contention so made is based upon the premise that the business of the petitioner is not one of those enumerated in and defined as hazardous by the statute (section 13349, O. S. 1931, 85 Okla. St. Ann. § 2). In so doing the petitioner apparently overlooks or ignores the testimony of its own witnesses which clearly establishes the fact that the petitioner was engaged in the business of operating oil wells and that the respondent was performing work of a manual and mechanical nature around one of such wells at the time his alleged injury occurred. In the recent case of Ice v. Gardner, 183 Okla. 496, 83 P.2d 378, it was expressly held that the business of operating oil wells is one of those enumerated and defined as hazardous by the stat-

ute, supra. Under these circumstances the second contention made by the petitioner falls of its own weight, since where the business in which the employer is engaged is one enumerated and defined as hazardous by the statute, then upon a showing that the relation between the parties is that of employer and employee, a presumption arises that any accidental injury which the employee sustains and which arises out of and in the course of his employment is one which comes within the terms of said act. Petroleum Chemical Corp. v. State Industrial Commission, 154 Okla. 67, 6 P.2d 775.

As heretofore pointed out in the cases of Sheffield Steel Corp. v. Barton, 183 Okla. 624, 84 P.2d 17; Kennedy v. State Industrial Commission, 181 Okla. 3, 72 P.2d 367, and other cases, too numerous to cite, it is the employment in which the worker is engaged rather than the particular thing which he may be doing at the time he is injured which governs the right to compensation. The business of petitioner being one which the statute enumerates and defines as hazardous and the work of the respondent being manual and mechanical and connected with and incident to the employment in which he was injured, it was immaterial whether he was carried on petitioner's payroll as a teamster, roustabout, or a common laborer. In either event he would be entitled to the protection afforded manual and mechanical workers in the industry. Pemberton Bakery v. State Industrial Commission, 180 Okla. 446, 70 P.2d 98; Wilson & Co. v. Musgrave, 180 Okla. 246, 68 P.2d 846.

What has just been said also disposes of the third contention advanced by the petitioner, for, as pointed out in Sheffield Steel Corp. v. Barton, supra, it is the wage which the employee receives in the employment where he has worked for substantially the whole of the year prior to the injury which is controlling in arriving at the rate of compensation irrespective of whether the work which the employee may be doing at the time may be classed as that which ordinarily is performed by skilled, semi-skilled, or ordinary laborers. The fallacy in this connection arises from a misconception of the rule. See Briscoe Construction Co. v. Miller, 184 Okla. 136, 85 P.2d 420.

The final contention of the petitioner is that the commission proceeded improperly in ascertaining respondent's average weekly wage and the rate of compensation. It will be noted that the commission found that the respondent's average monthly wage was

$125, thus making his compensation rate $18 per week. In so doing it appears that the commission arrives at the rate of compensation in the manner required by subdivision 1, section 13355, O. S. 1931, 85 Okla. St. Ann. § 21, subd. 1, although the finding was not phrased as clearly as it could have been. The result reached being correct, the error, if any, is harmless.

Award sustained.

BAYLESS, C. J., and OSBORN, CORN, GIBSON, and DAVISON, JJ., concur.