CHICKASHA COTTON OIL CO. et al. v. STRANGE et al.

*96 P. 2d 316.*

No. 29068.   Oct. 31, 1939.

Rehearing Denied Dec. 5, 1939.

Butler, Brown & Rinehart, of Oklahoma City, for petitioners.

Claud Briggs and John Morrison, both of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original action in this court brought by Chickasha Cotton Oil Company, hereafter referred to as petitioner, and its insurance carrier, to obtain a review of an award of the State Industrial Commission which held it secondarily liable for payment of compensation to M. E. Strange, hereafter referred to as respondent.

The essential facts as shown by the record are briefly these: Bert Dalrymple, the owner of two trucks and who was engaged in the general business of hauling for hire, entered into a contract with the petitioner whereby he undertook to transport 200 or 300 tons of cotton seed hulls from the plant of the Prairie Cotton Oil Company and that of the petitioner at an agreed rate of 35 cents per ton, and in order to carry out said contract made an agreement with the respondent and another whereby he was to furnish a truck together with the necessary oil, gasoline, and tools, and they were to do the hauling and all three were to divide the freight money equally between them; that while respondent and his associate were loading the truck at the plant of the Prairie Cotton Oil Company some of the hulls caved in on the respondent and injured his back. The nature and extent of the injury is not here involved. The respondent sought to recover compensation from Bert Dalrymple and both companies. All parties denied liability on the ground that the respondent had not been injured while engaged in a compensable employment. The State Industrial Commission, at the conclusion of hearings held to determine liability and extent of disability, exonerated the Prairie Cotton Oil Company, but held that Bert Dalrymple was primarily liable and that petitioner was secondarily liable to the respondent for the payment of compensation. The petitioner urges a number of reasons why the award should be vacated, but we find it necessary to discuss only one, that is, whether the record contains any competent evidence which will support the commission's finding that the petitioner should be held secondarily liable to respondent for the payment of his compensation.

Irrespective of whether respondent was an employee of, or a joint adventurer with, Bert Dalrymple, he was not an employee of the petitioner. Liability of the petitioner, if any, must rest upon some breach of statutory duty which it owed to the respondent. The commission was of the opinion that it was the duty of the petitioner to require Bert Dalrymple to secure insurance for the protection of his employees, and that, by reason of the failure of the petitioner to make such requirement, it thereupon became secondarily liable for payment of the award which it made. In this respect the commission was in error. The petitioner was under no obligation to make such requirement unless the services to be performed by the contractor and his employees were such as would constitute them a part of the business, trade, or occupation in which the petitioner was engaged. See Standard Savings & Loan Ass'n v. Whitney, 184 Okla. 190, 86 P. 2d 298; Haas v. Ferguson, 184 Okla. 279, 86 P. 2d 986.

The business of the contractor, Bert Dalrymple, was that of general hauling and trucking, and was not one of those enumerated and defined as hazardous by the Workmen's Compensation Law (section 13349, O. S. 1931, 85 Okla. St. Ann. § 2). This being true, the State Industrial Commission had no jurisdiction to make any award. Veazey Drug Co. v. Bruza, 169 Okla. 418, 37 P. 2d 294; Klein v. State Industrial Commission, 181 Okla. 295, 74 P. 2d 386; Chatham v. Arrow Drilling Co., 183 Okla. 243, 80 P. 2d 944.

Award vacated.

BAYLESS, C. J., and RILEY, OSBORN, GIBSON, and DANNER, JJ., concur.