AMERICAN RADIATOR STANDARD & SANITARY CORP. et al. v. SCHRIMSHER et al.

No. 31199. April 13, 1943.

Rehearing Denied May 11, 1943.

*136 P. 2d 893.*

Looney, Watts, Fenton & Eberle, of Oklahoma City, for petitioners.

Claud Briggs, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by American Radiator Standard and Sanitary Corporation, hereinafter referred to as petitioner, and its insurance carrier, to obtain a review of an award which was made by a trial commissioner and on appeal affirmed by the State Industrial Commission in favor of J. H. Schrimsher, hereinafter referred to as respondent.

The record shows that on June 29, 1942, respondent filed with the State Industrial Commission employee's first notice of injury and claim for compensation for disability which had resulted from an accidental personal injury sustained on May 18, 1942, and in which notice R. A. Brown, dba No-Kol Automatic Heating Company, was named as permanent employer and petitioner as temporary employer. The permanent employer denied liability for the reason that on the day the injury occurred the relation of master and servant did not exist between respondent and said employer, and for the further reason that respondent was then in the employ of the petitioner. The petitioner denied liability for the reason that there was absent the relation of master and servant, and also for the reason that the employment in which the respondent sustained his injury was not a compensable employment within the terms of the Workmen's Compensation Act. (85 O. S. 1941 § 1 et seq.) The trial commissioner conducted hearings to determine liability and extent of disability. The evidence adduced at the hearings so held disclosed that respondent was a regular employee of R. A. Brown, dba No-Kol Automatic Heating Company, but that on the date the accident occurred was in the temporary employ of the petitioner. The evidence further discloses that petitioner, while engaged in the manufacture of radiators, heating equipment, and other appliances at various points outside of the State of Oklahoma, was not so engaged anywhere within the state, and that it had employed respondent, with the consent of his employer, on May 18, 1942, to repair a heating furnace which respondent had manufactured some years previously, and which had been sold and installed in a building occupied by an automobile sales agency by a jobber who had bought the equipment from the petitioner.

Under the facts substantially as above narrated, the trial commissioner found that the relation of master and servant did not exist between respondent and R. A. Brown, dba No-Kol Automatic Heating Company, on the 18th day of May, 1942, but that on said date respondent was an employee of the petitioner and was engaged in an employment which came within the terms of the Workmen's Compensation Act (85 O. S. 1941 § 2) and awarded compensation for temporary total disability and necessary medical attention for the injury. Petitioner appealed to the State Industrial Commission sitting en banc, and from the order of the commission affirming and approving the award made

by the trial commissioner, the petitioner brings this proceeding. Issue of law alone is presented here. The relation of master and servant is now conceded and the injury and its extent are not here involved.

The petitioner makes but one contention, which reads as follows:

"In order for the State Industrial Commission to have jurisdiction to award compensation to an employee for disability resulting from an accidental personal injury arising out of and in the course of his employment, such employment must be in one of the industries, plants, factories, lines, occupations or trades enumerated in the statute, or the facts must bring the branch or department of the business under said section governed by the phrase: 'Hazardous employment.'"

That the jurisdiction of the State Industrial Commission to award compensation for disability resulting from the injury is confined to employments which are enumerated in and declared to be hazardous by the Compensation Act, supra, is no longer an open question in this jurisdiction. Oklahoma Steel Castings Co. v. Banks, 181 Okla. 503, 74 P. 2d 1168; Southland Ref. Co. v. State Industrial Commission, 167 Okla. 3, 27 P. 2d 827; Veazey Drug Co. v. Bruza, 169 Okla. 418, 37 P. 2d 294; Hardy Sanitarium v. De Hart, 164 Okla. 29, 22 P. 2d 379; Rorabaugh-Brown Dry Goods Co. v. Mathews, 162 Okla. 283, 20 P. 2d 141.

The business of petitioner was that of manufacturer of radiators, heating equipment, and other appliances, and while this business was operated beyond the borders of the State of Oklahoma, when the petitioner came into the state and employed respondent to perform a service manual and mechanical and incident to the business in which petitioner was engaged, we are of the opinion that it assumed the liability cast upon such an employer to the same extent as if it had been operated within this state. Where the business of the employer is one of those enumerated in and defined as hazardous by the statute, then upon a showing that the relation between the parties is that of employer and employee a presumption arises that any accidental injury which employee sustains and which arises out of and in the course of his employment is one which comes within the terms of the act. Petroleum Chemical Corp. v. State Industrial Commission, 154 Okla. 67, 6 P. 2d 775; Skelly Oil Co. v. Pierce, 185 Okla. 479, 94 P. 2d 224.

The cases of Haas v. Ferguson, 184 Okla. 279, 86 P. 2d 986; Standard Savings & Loan Ass'n v. Whitney, 184 Okla. 190, 86 P. 2d 298; Harris v. Wallace, 172 Okla. 349, 45 P. 2d 89, and Oklahoma City Federal Savings & Loan Ass'n v. State Industrial Commission, 176 Okla. 43, 54 P. 2d 333, which discuss the liability of an employer engaged in a nonhazardous employment to an employee injured in the performance of a task involving manual or mechanical labor and in an employment in which the employer is not carrying on for pecuniary gain, are wholly without application to the situation here presented, for as stated above the record shows that petitioner was engaged in a hazardous employment and the work which was being performed by the respondent was connected with and incident to the business of the employer.

The award is not shown to be erroneous as a matter of law. Since this is true, we will not disturb it.

Award sustained.

CORN, C. J. and RILEY, HURST, DAVISON, and ARNOLD, JJ., concur. GIBSON, V. C. J., and BAYLESS, OSBORN, and WELCH, JJ., absent.