**Marion AYCOX, Administrator, Petitioner,**

**v.**

**PEPSI COLA BOTTLING COMPANY, Security Insurance Company of New Haven and State Industrial Commission of the State of Oklahoma, Respondents.**

**No. 38199.**

Supreme Court of Oklahoma.

Sept. 30, 1958.

Rehearing Denied Oct. 28, 1958.

368

Alvin C. Bruce, Ardmore, for petitioner.

Fenton & Fenton, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, Justice.

Marion Aycox, as claimant, brought this proceeding in the State Industrial Commission to obtain an award under the death benefit provisions of the Workmen's Compensation Law, 85 O.S.1951 Section 1 et seq., by reason of the death of Edwin Earl Strimple, hereinafter called employee, who was killed in the operation of a truck owned by George Lemmons operating as the Lemmons Trucking Company, hereinafter called employer. The State Industrial Commission entered an award for the full amount of $13,500 for the benefit of Viola Strimple, widow of the employee, and her children but denied an award of secondary liability against the Pepsi Cola Bottling Company and its insurance carrier. This proceeding is brought to review the award insofar as it denies liability against the Pepsi Cola Bottling Company and its insurance carrier.

The record discloses that Pepsi Cola Bottling Company is engaged in the manufacture and distribution of soft drinks. On the 17th day of September, 1956, it contracted with George Lemmons, operator of the Lemmons Trucking Company, to ship by truck, a liquid filler weighing ten thousand pounds; a liquid mixer weighing two thousand pounds and a liquid crowner weighing two thousand pounds. Employer was not insured. Employee had loaded this equipment on employer's truck and in his preparation toward moving the

same was crushed by the truck and died soon thereafter.

■ The sole issue is the alleged error of the State Industrial Commission in denying an award against the Pepsi Cola Bottling Company and its insurance carrier under the provisions of 85 O.S.1951 Section 11, which is in part as follows:

"In the absence of provisions to the contrary in any contract with an independent contractor, such independent contractor shall be conclusively presumed to have agreed, as a part of the terms of the contract, that he will comply with the Workmen's Compensation Laws of this State, and in case of a failure to do so, the person procuring such work to be done by independent contractors, may declare such failure a substantial violation of the contract, and terminate the same at his or their option. All unpaid balances due under such contract, or as much thereof as may be reasonably · necessary, may be retained as indemnity against compensation claims under the Workmen's Compensation Act of this State. The independent contractor shall, at all times, be liable for. compensation due to his direct employees, or the employees of any subcontractor of such independent contractor, and the principal employer shall also be liable in the manner hereinafter specified for compensation due all such employees. * * *"

We have held that a principal employer under section 11, supra, is not liable to an injured employee of an independent contractor who does not comply with the Workmen's Compensation Law unless the employee of the independent contractor is injured while doing something incident to and connected with the business, trade or occupation of the principal employer. Chickasha Cotton Oil Co. v. Strange, 186 Okl. 136, 96 P.2d 316; Amerada Petroleum Corporation v. Vaughan, 200 Okl. 226, 192 P.2d 639.

In Chickasha Cotton Oil Co. v. Strange, supra, an employee of an independent contractor, who had not complied with the Workmen's Compensation Law, was injured while hauling cotton seed hulls. In holding the principal employer was not liable under Section 11, supra, the court stated [186 Okl. 136, 96 P.2d 318]:

"* * * The petitioner was under no obligation to make such requirement unless the services to be performed by the contractor and his employees were such as would constitute them a part of the business, trade or occupation in which the petitioner was engaged. See, Standard Savings & Loan Ass'n v. Whitney, 184 Okl. 190, 86 P.2d 298; Haas v. Ferguson 184 Okl. 279, 86 P. 2d 986."

In Horwitz Iron & Metal Co. v. Myler, 207 Okl. 691, 252 P.2d 475, we held that hauling equipment to the premises of Horwitz Iron & Metal Company was not incident to and connected with the business of the principal employer.

Section 11, supra, was amended in 1955 in certain procedural respects but it in nowise changes the liability of the principal employer insofar as it involves only cases in which the independent contractor is performing work incident to and connected with the business, trade or occupation of the principal employer.

Claimant cites Diamond Ice Co. v. Seitz, 188 Okl. 54, 105 P.2d 784; McDuffie v. Nash Neon Sign Co., 202 Okl. 568, 215 P.2d 839; and Baldwin v. Big X Drilling Co., Inc., Okl., 322 P.2d 647.

In each of these cases it was held the employee was engaged in an employment incident to and connected with the business or trade of the principal employer. In Diamond Ice Co. v. Seitz, supra, the employee was stuccoing the second story of a building used by the ice company. In McDuffie v. Nash Neon Sign Co., supra, the employee was erecting a sign for the garage or workshop operated by the principal employer. In Baldwin v. Big X Drilling Co., supra, the independent con-

tractor was repairing a part of the equipment used by the principal employer in drilling oil wells.

The Pepsi Cola Bottling Company was not in the hauling or trucking business and the Lemmons Trucking Company in hauling the equipment for the Pepsi Cola Bottling Company was not doing something incident to and connected with its operation as a soft drink distributor. The Pepsi Cola Bottling Company was not liable as a principal employer under Section 11, supra.

The order denying the award against the Pepsi Cola Bottling Company and its insurance carrier is sustained.

WELCH, C. J., and HALLEY, JOHNSON, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.