M. E. CREIGHTON and Creighton Drilling Company, a copartnership composed of R. D. Creighton and M. E. Creighton, Petitioners,

v.

DISTRICT COURT OF SEMINOLE COUNTY, State of Oklahoma, and Honorable Bob Howell, Judge of said Court, Respondents.

No. 39333.

Supreme Court of Oklahoma.

Jan. 24, 1961.

Rehearing Denied Feb. 21, 1961.

A. C. Kidd, Wewoka, Foliart, Hunt & Shepherd, Oklahoma City, for petitioners.

Bishop, Samples & Bishop, William Bishop, Seminole, for respondents.

HALLEY, Justice.

There is an action pending in the District Court of Seminole County, Oklahoma, which is No. 27,786. The plaintiff in that case is Jackie Jearl Criswell, a minor by his father and next friend, R. H. Criswell, and the defendant is R. D. Creighton and M. E. Creighton d/b/a Creighton Drilling Company, a co-partnership.

The proceeding in this Court is an original one wherein M. E. Creighton and Creighton Drilling Company, a co-partnership composed of R. D. Creighton and M. E. Creighton, are petitioners and the District Court of Seminole County and the Honorable Bob Howell, Judge of said Court are respondents. The petitioners are asking this Court to prohibit Judge Howell from proceeding further in case No. 27,786, District Court of Seminole County.

There is no great controversy about the facts in this case. The Creighton Drilling Company had completed the drilling of a well at a point about five miles west of Sapulpa, Oklahoma. It desired to move the drilling rig with all necessary parts and accessories thereof to a point near Butner where it was to sink another well. Cole-Spurgeon sent three trucks to assist in this move. One of these was driven by Bob Paris and Jackie Criswell, the plaintiff in the case No. 27,786, was the swamper thereon. Cole-Spurgeon Drilling Company was a co-partnership composed of K. D. Cole, B. G. Spurgeon and R. D. Creighton. Cole-Spurgeon Drilling Company not only drilled wells but also did a well servicing

business. These partnerships were separate and distinct entities but did operate out of the same yard located a mile west of Wewoka.

Cole-Spurgeon Drilling Company was in no sense a trucking concern. It did have trucks that were used in its business. The work that it did for the Creighton Drilling Company in the move from the well near Sapulpa to the new location near Butner, in our opinion, was an integral part of and incident, to the drilling operations of the Creighton Drilling Company. We think that the plaintiff comes under Section 11, 85 O.S.1951, as amended by Chapters 2 and 2a of Title 85 of S.L.1955, as now shown as 85 O.S.Supp.1959, Section 11. The truck on which plaintiff worked was loaded at the first well by employees of both partnerships. When the truck plaintiff was on was a few miles away from where it started with its load the driver and plaintiff checked their load and discovered it had shifted a little on the float. In endeavoring to adjust the load the plaintiff was seriously injured. Both Creighton Drilling Company and Cole-Spurgeon Drilling Company carried workmen's compensation insurance and Jackie Criswell is now drawing compensation under his claim against Cole-Spurgeon.

The parties will be referred to as in the case in District Court.

It is admitted that:

"(a) Both Creighton Drilling Company and Cole-Spurgeon were engaged in hazardous occupations.

"(b) Both Creighton Drilling Company and Cole-Spurgeon carried workman's compensation insurance.

"(c) Cole-Spurgeon was an independent contractor hired by Creighton Drilling Company. Thus Creighton Drilling Company was the principal employer.

"(d) Jackie Criswell was an employee of the independent contractor. (Cole-Spurgeon)"

The plaintiff contends that trucking is not an integral part of the drilling business. With this we cannot agree in this case because actually the process of moving from one drilling location to another is an essential part of and incident to the drilling business. All of the equipment being moved had to do with actual sinking of the hole in the search for oil. This feature distinguishes the case here from those relied upon by the defendant. Those cases are Hodges v. Holding, 204 Okl. 327, 229 P.2d 555; Aycox v. Pepsi Cola Bottling Co. et al., Okl., 331 P.2d 367; Horwitz Iron & Metal Co. et al. v. Myler, 207 Okl. 691, 252 P.2d 475; Chickasha Cotton Oil Co. et al. v. Strange et al., 186 Okl. 136, 96 P.2d 316. In each case the claimant was doing a purely trucking operation which was in no way an integral part of the principal employer's business.

It is well settled that under Section 11, 85 O.S.Supp.1959, that when the principal employer carried insurance on all persons doing work for it and the independent contractor carried insurance on all employees working for it that the right to bring a common-law action against the principal employer was abrogated. Mid-Continent Pipe Line Co. v. Wilkerson, 200 Okl. 335, 193 P.2d 586, is controlling in this case and was followed in Jordon v. Champlin Refining Co., 200 Okl. 604, 198 P.2d 408 and Deep Rock Oil Corp. v. Howell, 200 Okl. 675, 204 P.2d 282. In Baldwin v. Big X Drilling Co., Okl., 322 P.2d 647, we held that welding on an A-frame on a drilling rig was an integral part of the drilling operation.

Prohibition is the correct method for the petitioners to obtain relief from the improper exercise of judicial power on the part of the trial judge in the common-law action. Rose et al. v. Arnold, 183 Okl. 286, 82 P.2d 293; Lee Evans Oil & Gas Co. v. Superior Court of Seminole County, Okl., 344 P.2d 670.

The writ of prohibition is granted.

WILLIAMS, C. J., and JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.