**William M. GREEN, Plaintiff,**

v.

**CHEROKEE PIPE LINE COMPANY,
a corporation, Defendant.**

**Civ. No. 6075.**

United States District Court
N. D. Oklahoma.

Nov. 23, 1966.

Gerald D. Swanson, Tulsa, Okl., for plaintiff.

Rogers, Donovan, & Rogers, Tulsa, Okl., for defendant.

## ORDER

DAUGHERTY, District Judge.

After a jury trial resulting in a verdict for the plaintiff the defendant has filed an alternative motion for judgment notwithstanding the verdict or motion for new trial.

Plaintiff was a truck driver for Squaw Transit Company. His employer was

engaged by the defendant to pick up a large quantity of "pipe dope" near Wichita, Kansas, and transport the same to Enid, Oklahoma. This "pipe dope" was not needed by the defendant for its pipe line work at the Wichita location. It was consigned by the defendant by a bill of lading to the Tulsa Pipe Coating Company. The plaintiff was subject to standing instructions from his employer, Squaw Transit Company, to see that his truck-trailer unit was properly loaded with reference to the position of weight over the axles, balancing the load, prevention of load shifting, lashing and related matters pertaining to proper loading. The plaintiff testified that a part of his job as a driver for Squaw Transit Company was to load and unload his truck-trailer unit. Upon the plaintiff arriving at the location near Wichita, a foreman of defendant identified the material to be loaded and its various locations and stated that his men would load the cartons of "pipe dope" into a front end loader and deliver the same onto the bed of the trailer or float which formed a part of the plaintiff's truck-trailer unit. The cartons were heavy.

In this operation, the testimony of and on behalf of the plaintiff was that the defendant (by its front end loader operation) was guilty of negligence in overloading the front end loader, rolling some of the cartons out of the front end loader without warning and into the plaintiff who was on the trailer bed, thereby knocking the plaintiff from the trailer bed to the ground with two of the cartons rolling off the trailer bed onto the plaintiff while on the ground causing the plaintiff the personal injuries, pain and suffering and expenses involved herein. It was the testimony on behalf of the defendant that the plaintiff stepped or backed off the trailer bed without any negligence being committed by the defendant in connection therewith.

The defendant moved for a directed verdict at the close of the evidence which was denied. The Court, therefore, will first consider the defendant's motion for judgment notwithstanding the verdict.

Squaw Transit Company carried workmen's compensation insurance which covered the plaintiff. Plaintiff received benefits therefrom by a proceeding in the Oklahoma State Industrial Court totaling approximately $5000.00. Plaintiff brings this action against the defendant on the basis that he was injured by the defendant who was a negligent third party which action is permitted by the Oklahoma Workmen's Compensation Law [1]; that plaintiff was not an employee of the defendant at the time of his injury; that at the time of his injury the Squaw Transit Company, his employer, was not an independent contractor or a sub-contractor of the defendant regarding defendant's work in the pipe line construction business; that the work of the plaintiff and that of his employer, Squaw Transit Company, (being a

---

1. Title 85, Oklahoma Statutes, Section 44 (a), provides:
   "Claims against third persons. Outsider, damage by wrong of— Whom to prosecute—Election—Compromise.
   (a) If a workman entitled to compensation under this Act be injured by the negligence or wrong of another not in the same employ, such injured workman shall, before any suit or claim under this Act, elect whether to take compensation under this Act, or to pursue his remedy against such other. Such election shall be evidenced in such manner as the Commission made by rule or regulation prescribed. If he elects to take compensation under this Act, the cause of action against such other shall be assigned to the insurance carrier liable for the payment of such compensation, and if he elects to proceed against such other person or insurance carrier, as the case may be, shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by this Act or such case. The compromise of any such cause of action by the workman at any amount less than the compensation provided for by this Act shall be made only with the written approval of the Commission, and otherwise with the written approval of the person or insurance carrier liable to pay the same."

licensed. common carrier for hire) was not an integral part of the work or business of the defendant (pipe line construction) either at the time of the injury of the plaintiff or at any other time and that the defendant was not secondarily liable under the Workmen's Compensation Law of Oklahoma behind Squaw Transit Company to the employees of Squaw Transit Company, including the plaintiff, should they or he become injured in the course of their or his employment.

The defendant asserts in connection with the pending motions that Squaw Transit Company was a sub-contractor or an independent contractor of the defendant at the time of the accident involved herein; that the defendant was therefore secondarily liable under the Oklahoma Workmen's Compensation Law behind the Squaw Transit Company for the injuries received by the plaintiff; that the defendant is thus protected and covered by the workmen's compensation insurance carried by Squaw Transit Company, and that the exclusive remedy of plaintiff regarding his said injury is under workmen's compensation and in the Oklahoma State Industrial Court where he has proceeded and received certain benefits which now constitutes estoppel by judgment and res adjudicata.

This is a diversity case and this Court is bound by the substantive law of the State of Oklahoma. Erie R. R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). It is the law of Oklahoma that an employee of a sub-contractor or an independent contractor, engaged in assisting the principal contractor or employer in an integral part of the work or business of the principal contractor, is covered by the workmen's compensation insurance afforded by the sub-contractor or independent contractor and the principal contractor or employer is secondarily liable to the employees of either in case either fails to obtain this insurance protection for their employees. By reason of this secondary liability under workmen's compensation the principal contractor or employer is

not liable in tort at common law to an injured employee of the sub-contractor or independent contractor. Mid-Continent Pipe Line Company v. Wilkerson (1948), 200 Okl. 335, 193 P.2d 586; Jordan v. Champlin Refining Co. et al., 200 Okl. 604, 198 P.2d 408 (1948); Deep Rock Oil Corporation et al. v. Howell, (1948), 200 Okl. 675, 204 P.2d 282; Horwitz Iron & Metal Co. et al. v. Myler, (1952), 207 Okl. 691, 252 P.2d 475; Chickasha Cotton Oil Company et al. v. Strange et al. (1939), 186 Okl. 136, 96 P.2d 316. Therefore, it is necessary herein to determine if the Squaw Transit Company at the time of the plaintiff's injury was a sub-contractor or independent contractor of the defendant engaged in performing work constituting an integral part of the work or business of the defendant as a pipe line construction organization with the consequent result that the defendant would be secondarily liable behind Squaw Transit Company for any injuries suffered by the plaintiff as an employee of Squaw Transit Company in transporting as a common carrier the "pipe dope" not needed by the defendant at its Wichita job and consigned by the defendant for shipment by bill of lading to the Tulsa Pipe Coating Company at Enid, Oklahoma.

The Oklahoma Supreme Court has been confronted with this specific problem in the case of Horwitz Iron & Metal Company v. Myler, supra. There an employee and driver of a trucking firm was injured while assisting in loading steel of Horwitz onto his truck at the yard of Horwitz. Horwitz had engaged the employer of the injured driver to transport this steel of Horwitz on bill of lading from the Horwitz yard to a certain designation. The truck driver sued Horwitz in State District Court claiming his injury was caused by the negligence of Horwitz. The Oklahoma Supreme Court affirmed a recovery for the truck driver holding that the work of the trucking firm was not an integral part of work necessary in the conduct of the iron and metal business of Horwitz and that Horwitz was not secondarily liable behind the

trucking firm under the Workmen's Compensation Law.

The defendant recognizes this case and would distinguish the same from the situation at hand by pointing out that the truck driver in Horwitz was voluntarily assisting in the loading of his truck and was not instructed to participate in the loading by either his employer or Horwitz, whereas, the plaintiff herein was not a volunteer but was under instructions to assist in the loading of his truck. It is not believed that the voluntary or involuntary proposition is the proper test or is controlling. The proper test is whether the trucking company at the time of an accident sustained by one of its employees is engaging in work forming an integral part of work necessary in the conduct of the business of the company who has engaged the trucking company. If so, there is secondary liability on the part of the company as a principal employer under Workmen's Compensation. If not, there is no secondary liability on the part of the one engaging the trucking company under workmen's compensation.

In Horwitz, the transporting of Horwitz steel from the Horwitz yard by a common carrier for hire was held not to be an integral part of the work of Horwitz, hence, no secondary liability on Horwitz under workmen's compensation and Horwitz was subject to a third party negligence action in State District Court. Obviously, the same result must be reached herein. If the work of Squaw Transit Company in transporting "pipe dope" as a common carrier for hire from the Wichita location of the defendant was not an integral part of the defendant's work in pipe line construction, then there is no secondary liability on the part of the defendant under workmen's compensation and the defendant is subject to a third party negligence action under common law.

■ The Court is of the opinion and holds that under Oklahoma law and the evidence herein, the plaintiff at all times involved herein was an employee of Squaw Transit Company, was not a loaned servant to the defendant and that the work of the plaintiff and his employer Squaw Transit Company in loading and transporting the said "pipe dope" was not an integral part of the defendant's work or business in pipe line construction. The Court further holds that the fact that the plaintiff was under instructions from his employer, Squaw Transit Company, to assist in loading his truck-trailer unit does not affect the above conclusions and the resulting absence of secondary workmen's compensation liability on the part of the defendant. Hence, the defendant was subject to the action brought against it herein and the verdict of the jury and judgment based thereon should not be disturbed.

■ As to the election of remedy, estoppel and res adjudicata questions raised by the defendant, under Title 85 O.S. Section 44(a), supra, an employee has two remedies when injured by a third party not in the same employ. He may recover compensation in Industrial Court, or he may sue the negligent third party in tort. In Horwitz Iron and Metal Co. v. Myler, supra, the fact plaintiff had received compensation from his employer was held not to be a defense to the action for damages arising in tort. The plaintiff may, therefore, bring this action notwithstanding a prior award from the Oklahoma Industrial Court.

■ The defendant's alternative motion for a new trial is presented on the basis of there being no evidence of negligence on the part of the defendant in connection with the plaintiff's injury and contributory negligence on the part of the plaintiff in stepping or backing off the side of his trailer bed is a bar to his recovery herein. There was evidence of negligence on the part of the defendant causing plaintiff's injury. The Court submitted the defense of contributory negligence to the jury. The verdict of the jury is supported by substantial evidence.

Accordingly, both motions are denied.