The HISSOM MEMORIAL CENTER and the
Department of Public Welfare,
Petitioners,

v.

Margie R. ROBINSON and the State Industrial Court, Respondents.

No. 44176.

Supreme Court of Oklahoma.

Nov. 24, 1970.

Lee Vernon, Oklahoma City, for petitioners.

K. J. Schwoerke, Schwoerke & Schwoerke, Oklahoma City, G. T. Blankenship, Atty. Gen., for respondents.

BLACKBIRD, Justice:

This is an original proceeding by the petitioners, hereinafter referred to, collectively, as "respondents", to review an order of the State Industrial Court awarding disability compensation to Mrs. Margie R. Robinson, hereinafter referred to as "claimant". Mrs. Robinson slipped and fell on the floor, sustaining the injury and resulting disability constituting the basis of said award, during the course of her employment as an attendant at Hissom Memorial Center (hereinafter referred to in-

dividually as "Center"), a state school for mentally retarded children, operated and maintained by the petitioner, Department of Public Welfare, under the jurisdiction of the Oklahoma Public Welfare Commission.

According to the claimant's undisputed testimony, her duties were to take care of the resident students at said Center, including feeding and bathing them, giving them medication, and taking care of their beds. Her further testimony was to the effect that she was an assistant "in charge" of the children placed in the Center.

At the trial before a Judge of the State Industrial Court, respondents demurred to the evidence on the ground that claimant's employment was not a "hazardous employment" under this State's Workmen's Compensation Law, 85 O.S.1967 and 1970 Supp., §§ 1 et seq. In overruling said demurrer, the trial tribunal indicated it was his belief that claimant's duties were not hazardous in their nature, but, in his order setting forth her award, he specifically determined that attendants, like her, "* * * are specifically covered * : * *" under the cited Compensation Law. In respondents' subsequent appeal to the Industrial Court en banc, the trial tribunal's order was affirmed.

■ The first proposition respondents advance for vacation of the Industrial Court's order is, in substance, that said court erred in determining that claimant's occupation is covered by the cited Compensation Law, irrespective of the nonhazardous nature of her duties. The applicable portion of the Law is contained in the following excerpt from Section 2 thereof:

"Compensation provided for in this act shall be payable for injuries sustained by employees engaged in the following hazardous employments, to wit: Factories, cotton gins, mills and work shops where machinery is used;

* * * * * *

motor vehicles operating as motor carriers for the transportation of passengers or property for compensation, or motor vehicles used to transport products manufactured or processed by a business concern, repairing or servicing of appliances that utilize electricity, natural gas, liquified petroleum gas or gasoline, *and all state employees working as guards, attendants and all other persons engaged in hazardous employment* at state penitentiaries and reformatories, state mental hospitals, *state schools for mentally retarded,* the commodity warehouses *and the state institutions under the jurisdiction of the State Department of Public Welfare or the Oklahoma Public Welfare Commission,* the State Fire Marshal, Assistant Fire Marshal, deputies, agents and inspectors of the Office of the State Fire Marshal, enforcement officers of the Safety Responsibility Division and other employees engaged in hazardous employment of the Department of Public Safety, school district employees engaged in hazardous employment, uniformed personnel of the State Highway Patrol, State Crime Bureau, county sheriffs and deputies, members of a police department, members of garbage and sanitation departments and fire departments of any incorporated city or town, and all other persons engaged in hazardous employment for any incorporated city or town." (Emphasis added)

By diagramming a few lines of the above quoted Act, beginning with the word "attendants", and referring to the cases of Rhoton v. City of Norman, Okl., 466 P.2d 948; Hieronimus v. Phillips Petroleum Co., Okl., 460 P.2d 944; Board of Ed., Ind. Sch. Dist. No. 1, Tulsa v. Wright, Okl., 460 P.2d 422; Holsey Appliance Company v. Burrow, Okl., 281 P.2d 426, and others, respondents attempt to show that, in order for the claimant's disability to have been compensable under the Act, she must, at the time she was injured, have been engaged in a task that was of a hazardous character—which, admittedly, she was not. We do not agree. That the Act covers *only* state employees who are injured while

working as attendants in state schools for mentally retarded *and are also engaged in one or more hazardous tasks*—as respondents contend—is definitely refuted by reference to the recent history of this legislation. Turning to the Act, as it appeared after amendment by House Bill No. 579 of the Twenty-Sixth Legislature (S.L.1957, pgs. 572, 573), and before various additional state and municipal employees and officials were brought under the Act by its more recent amendments of 1963, 1965, and 1967, it will readily be seen that its entire last portion read as follows:

"\* \* \* \*

*all state employees working as guards* or *attendants in charge of persons confined in* state penitentiaries, and reformatories, state mental hospitals and *state schools for mentally retarded."* (Emphasis added.)

Respondents present nothing to show, and we cannot believe that, having once included in the list of employments, declared by the Workmen's Compensation Act to be hazardous, *"all* state employees working as \* \* \* attendants in charge of persons confined in \* \* \* state schools for mentally retarded", the Legislature intended, by said later amendments to the Act, the redundancy and restriction that would result by superimposing on the employment, thus described, the additional modifying and descriptive phrase "engaged in hazardous employment". To construe the present Act, as respondents urge, would confuse the student of legislative history, without offering him a reasonable explanation for such construction. Furthermore, as we see it, the insertion into the Act of the phrase *"other* persons engaged in hazardous employment", after the word "attendants", which was first done in the amendment of 1965 (S.L.1965, Ch. 237, at page 404) is evidence that the Legislature has continued, until the present, to consider attendants at state schools for mentally retarded as having a hazardous employment or occupation. As we have concluded that said employment is defined as a "hazardous" one, by statute, it is our opinion that the fact that claimant, when injured, was performing a task, or type of work, of a non-hazardous character, is of no significance or materiality. In this connection, see the third paragraph of the syllabi in American Radiator Standard & San. Corp. v. Schrimsher, 192 Okl. 418, 136 P.2d 893, and Skelly Oil Co. v. Pierce, 185 Okl. 479, 94 P.2d 224. Since the Legislature has, by statutory enactment, declared the particular kind of a job, in the particular kind of establishment, in which claimant was employed at the time of her injury to be a "hazardous employment", it was not necessary for her to attempt to prove that what she was doing at that time was, in fact, hazardous; and the cases cited by respondents are inapplicable. We therefore hold that the State Industrial Court committed no error in adjudging that claimant's employment was "specifically covered" by the Workmen's Compensation Act, Section 2, supra.

■ Under their second and last proposition, respondents contend that there is no competent medical evidence to support the Industrial Court's finding of injury constituting the basis of claimant's award. According to said court's order, claimant's injury consisted of "injury to her back and coccyx". Claimant's only expert medical witness was Dr. G, who examined her more than five months after her claimed accidental injury, although x-ray pictures made at the Center, the same day as claimant's fall, were read and interpreted, while new, by Dr. B, a consulting radiologist.

A portion of Dr. G's report reads:

"Examination of pictures made at the Hissom Center, Sand Springs, on 8/15/69 show a defect in the distal segment of the coccyx, *which the radiologist interpreted as an acute fracture."* (Emphasis added)

On the basis of that report, respondents charge that claimant told Dr. G that Dr. B had told her, at the Center, she had a frac-

ture; and their hypothesis that Dr. G's conclusions, as to claimant's injury and disability, is based upon this false hearsay as the asserted foundation of respondents' claim of the incompetence of Dr. G's evidence.

Claimant's counsel denies that, in Dr. G's examination, he assumed claimant's coccyx was fractured, merely because claimant had told him the radiologist at the Center so interpreted the x-ray pictures made there. This counsel says it is clear, from reading Dr. G's report, that his findings were based upon *his own* examination of the x-ray pictures, rather than upon what claimant may have told him.

After examining the evidence as a whole, we cannot say claimant's counsel's interpretation of Dr. G's report is incorrect. Contrary to respondents' position, we think the report reflects an *independent* examination of the claimant. It is therefore our opinion that the present case is a proper one for application of the rule laid down in Rhoades Oil Co. v. Plumb, Okl., 429 P.2d 965, as follows:

> "In workmen's compensation cases, physicians' reports reflecting independent examinations of the claimant are not incompetent as medical evidence merely because they may be based, in part, upon a medical history related to their authors by the claimant, and reflecting consideration of medical records of his case, made previously at other medical facilities."

Upon application of the above quoted rule to the medical evidence in the present case, we find no merit in respondents' argument under their last proposition.

In accord with the foregoing, the award is hereby sustained.

IRWIN, C. J., BERRY, V. C. J., and WILLIAMS, JACKSON, HODGES, LAVENDER, and McINERNEY, JJ., concur.